814 A.2d 456 (2003)
2003 ME 1
Steven MACOMBER
v.
Roxanne MACOMBER.
Supreme Judicial Court of Maine.
Argued: May 9, 2002.
Decided: January 7, 2003.
Donald J. Gasink (orally), Augusta, for plaintiff.
David S. Abramson (orally), Givertz, Lunt, Hambley, Schefee & Abramson, P.A., Portland, for defendant.
Panel: SAUFLEY, C.J. and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.
DANA, J.
[¶ 1] Roxanne Macomber appeals from a divorce judgment entered in the District Court (Ellsworth, Staples, J.), contending that the court erred in determining Steven Macomber's income and abused its discretion in its award of general and transitional support. She asserts that the court erred in failing adequately to consider the impact of her physical disability on her work capacity and in finding Steven had not committed economic misconduct. Because we conclude that the court erred in its calculation of Steven's income, we vacate the judgment in part and remand to the District Court for reconsideration of its award of spousal support.
[¶ 2] The parties were married in 1972 when Roxanne turned eighteen. They have six children, all of whom are now adults. Steven graduated from college and became an engineer, working away from home at least seventy-five percent of the time. Roxanne was a homemaker throughout the marriage and has held temporary or part-time employment in *457 minimum wage jobs over the past few years. Steven filed for a divorce in 1998.
[¶ 3] The court entered a judgment of divorce in which it found that Steven had been earning $120,000 per year until February 19, 2001, with a per diem for living expenses; and that he was expected to earn $93,000 plus a per diem of $89.67 until late 2001 or early 2002, when he "may be reassigned to the home office" where he would earn $82,000 per year, or he might be reassigned to "another project earning at the present level." For spousal support purposes, the court calculated his anticipated income as $87,500, and did not include any per diem as income because it "is consumed by his living expenses."
[¶ 4] The court found that Roxanne has a high school education and lacks the skills necessary for employment that would pay more than the minimum wage; wants to enroll in college full time; has multiple health problems scheduled to be corrected by surgery, but does not suffer from any disability that would prevent her from full time employment; and has annual living expenses of $23,500. The parties do not have real property or retirement benefits, did not submit evidence about their standards of living, and divided their personal property by agreement.
[¶ 5] The court concluded that Steven should "at least partially" pay for Roxanne's education. It awarded Roxanne $1125 per month in general spousal support and transitional support of $500 per month for four years. Roxanne contends that for spousal support purposes the court erred in failing to include Steven's per diem in its calculation of his current income. We agree.
[¶ 6] We review an award of spousal support for an abuse of discretion, Libby v. Libby, 2001 ME 130, ¶ 8, 781 A.2d 773, 775, but we review the findings of fact upon which the award is premised for clear error, Tibbetts v. Tibbetts, 2000 ME 210, ¶ 6, 762 A.2d 937, 939.
[¶ 7] The statute directs the court to consider as one factor "[t]he income history and income potential of each party." 19-A M.R.S.A. § 951-A(5)(E) (Supp.2002).[1] In this case the court declined to count as income the substantial per diem paid to Steven by his employer because that per diem was consumed by his living *458 expenses. The spousal support statute does not define "income," but the child support statute defines "gross income," as including "income from an ongoing source, including ... subsidies that are available for personal living expenses," 19-A M.R.S.A. § 2001(5)(A) (1998 and Supp.2002), which, in fact, "reduce personal living expenses," id. § 2001(5)(B); see also Knowles v. Knowles, 588 A.2d 315, 318 (Me.1991). The rationale for including ongoing subsidies in the child support calculations applies to spousal support. We can discern no basis for considering ongoing subsidies as income when determining child support but excluding them when deciding on spousal support. Although spousal support is based on a consideration of the statutory factors without the tables and mathematical equations used for child support, this difference does not warrant treating ongoing subsidies differently for spousal support than for child support. We conclude that ongoing subsidies to income should be included as income and considered in determining spousal support to the extent they reduce or are available for the payment of personal living expenses.[2]
[¶ 8] Because the court erred in its determination of Steven's income, we vacate the award of spousal support and remand to the District Court for an award of spousal support based upon a finding of Steven's income that is consistent with this opinion. The court may take additional testimony as to the parties' current and intervening incomes.
The entry is:
Judgment vacated as to the amount of spousal support; judgment affirmed in all other respects. Remand to the District Court for an award of spousal support consistent with this opinion.
NOTES
[1] The statute provides, in pertinent part:

Factors. The court shall consider the following factors when determining an award of spousal support;
A. The length of the marriage;
B. The ability of each party to pay;
C. The age of each party;
D. The employment history and employment potential of each party;
E. The income history and income potential of each party;
F. The education and training of each party;
G. The provisions for retirement and health insurance benefits of each party;
H. The tax consequences of the division of marital property, including the tax consequences of the sale of the marital home, if applicable;
I. The health and disabilities of each party;
J. The tax consequences of a spousal support award;
K. The contributions of either party as homemaker;
L. The contributions of either party to the education or earning potential of the other party;
M. Economic misconduct by either party resulting in the diminution of marital property or income;
N. The standard of living of the parties during the marriage;
O. The ability of the party seeking support to become self-supporting within a reasonable period of time;
. . . .
Q. Any other factors the court considers appropriate.
19-A M.R.S.A. § 951-A(5) (Supp.2002).
[2] In another context, we held that military subsistence and housing allowances were "intended as compensation and an inducement to enlist." Clukey v. Piscataquis County Sheriff's Dept., 1997 ME 124, ¶ 5, 696 A.2d 428, 430; see also In re the Paternity of Ashleigh N.H., 178 Wis.2d 466, 504 N.W.2d 422, 426 (Ct.App.1993) (holding that legislator's per diem was income absent evidence that per diem was strictly reimbursement for necessary expenses); Taylor v. Taylor, No. V-99-388, 2000 WL 1721655, at *5 (Tenn.Ct.App. Nov.17, 2000) (for purposes of alimony award, per diem for living expenses included).