2006 ME 73

**Charles PAYNE**

v.

**Maili PAYNE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 27, 2006.

Decided: June 19, 2006.

Jed J. French, Evan Smith, Powers & French, P.A., Freeport, for plaintiff.

Edward A. Brown, Brown & Pols, P.A., Brunswick, for defendant.

Panel: CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Charles Payne appeals from the divorce judgment entered in the District Court (West Bath, *Field, J.*), challenging the court's award of spousal support, child support, and attorney fees to Maili Payne. We agree with Charles's contention that the court erred in its determination of his earnings, and, because that finding affected the spousal support, child support, and attorney fees awarded by the court, we vacate the judgment.

## I. BACKGROUND

[¶ 2] Charles and Maili married in June of 1986. A daughter was born to them in November of 1987. They divorced in Texas in May of 1990. They later remarried in May of 1994, and another daughter was born to them in October of 1996. On February 20, 2004, Charles filed for divorce. Both parties were thirty-seven years old at the time of the divorce.

[¶ 3] Charles, a Florida resident, is a First Class Petty Officer (E–6) in the United States Navy. He is an aviation electrician by training, with over eighteen years of experience. His enlistment expires in June of 2006, when he will have twenty years service time for retirement purposes, and he expects to retire from the Navy and work in the private sector. Maili, a Maine resident, works as a certified nurse's assistant. She is the primary caregiver of the parties' children, and she and their youngest daughter suffer from various health problems, requiring frequent medical care. Maili takes several prescription medications to help with these conditions.

[¶ 4] Charles's adjusted gross income, taken from his tax returns, is approximately $33,000. His leave and earnings statements showed his monthly pay to be $2809.80, and include benefits such as $1361.46 monthly in untaxed basic allowances for housing and sustenance. Testimony also revealed that Charles received $250,000 in free life insurance, free dental insurance, which covered his family, and free utilities.

[¶ 5] At trial, both parties were asserting that Charles's income was approximately $50,000, inclusive of the various Navy benefits. The only reference to imputing additional income to Charles is found in the court's statement toward the end of the trial, when the court asked Maili's attorney, "Is there anything in the record from which I can impute to [Charles] any income whatsoever, except for the fact that as an electrician ... in the aviation industry he ought to go out west and make a lot of money?" Maili's attorney replied, "That's all you need."

[¶ 6] The court found Charles's annual income to be $70,000, noting that, with his training and experience, he should have a remunerative career in the private sector. The court found that he received $16,337.52 per year in untaxed housing and sustenance allowances, and that, as a Florida resident, he does not pay any state income tax. On the basis of this income determination, the court awarded Maili $1300 per month in transitional spousal support, to last one year, followed by general support of $1000 per month, until Maili reaches sixty-five years of age.[1] The

---

1. The court found that it would be "inequitable" and "unjust" to not award general spousal support, thereby rebutting the presumption against awarding general spousal support in a marriage of less than ten years.

*See* 19–A M.R.S. § 951–A(2)(A)(2) (2005) ("If the court finds that a spousal support award based upon a presumption established by this paragraph would be inequitable or unjust,

court also awarded Maili $1059.71 per month in child support, and $6524 in attorney fees. This appeal by Charles followed.

## II. DISCUSSION

 [¶ 7] A court's determination of a party's income in a divorce proceeding is a factual finding that we review for clear error. *Dargie v. Dargie*, 2001 ME 127, ¶ 18, 778 A.2d 353, 358. We will consider a court's finding of income to be "clearly erroneous only if there is no competent evidence in the record to support it." *Wrenn v. Lewis*, 2003 ME 29, ¶ 13, 818 A.2d 1005, 1009 (quoting *State v. Richard*, 1997 ME 144, ¶ 10, 697 A.2d 410, 414). We review a court's award of spousal support, child support, and attorney fees for an abuse of discretion. *Urquhart v. Urquhart*, 2004 ME 103, ¶¶ 3, 6, 854 A.2d 193, 194–95; *Nicholson v. Nicholson*, 2000 ME 12, ¶ 9, 747 A.2d 588, 591.

[¶ 8] Charles contends that the evidence is insufficient to support the court's imputation of an annual earning capacity of $70,000 to him. He argues that the court's erroneous factual finding as to his income served as the basis for the spousal support, child support, and attorney fees awarded by the court, and, therefore, that these awards were beyond the court's discretion. Maili contends that the evidence is sufficient to support the court's finding that Charles's income is $70,000, and that the court acted within its discretion in awarding her spousal support, child support, and attorney fees. Maili argues that, although the divorce judgment may be less than clear, the court, pursuant to M.R. Evid. 201(b),² may have taken judicial notice of various Navy benefits when imputing income to Charles. She further contends that, even though the divorce judgment does not delineate the sources from which the court imputed income $20,000 higher than what the parties were asserting was Charles's income, we must assume that the court found the necessary facts in support of its judgment because Charles never filed a motion for findings of fact pursuant to M.R. Civ. P. 52.³

 [¶ 9] When determining a party's income in a divorce proceeding, "the divorce court has a duty to make findings sufficient to inform the parties of the reasoning underlying its conclusions and to provide for effective appellate review." *Powell v. Powell*, 645 A.2d 622, 623 (Me. 1994) (citation omitted). It is also true, however, that "a court is not required to detail the rationale it uses to reach each finding of fact or conclusion of law." *Miele v. Miele*, 2003 ME 113, ¶ 11, 832 A.2d 760, 763–64 (citing *Dargie*, 2001 ME 127, ¶ 3, 778 A.2d at 355). As a general rule, "[t]he omission of factual findings is not fatal to a divorce judgment," *Powell*, 645 A.2d at 623, because a party has a duty to make a request for additional findings of fact or conclusions of law if a divorce judgment appears deficient in its findings of fact, *id.*; M.R. Civ. P. 52. When the evidence on which a finding could be based is insufficient, however, a court's finding of fact is clearly erroneous. *See Wrenn*, 2003 ME 29, ¶ 13, 818 A.2d at 1009.

[¶ 10] Even though Charles did not request additional findings pursuant to Rule 52, there is insufficient evidence on which the court could have based its determina-

that finding is sufficient to rebut the applicable presumption.").

2. Rule 201(b) states that a court can take judicial notice of any fact "not subject to reasonable dispute" that is "capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned." M.R. Evid. 201(b).

3. Rule 52 provides that a party may move within five days after notice of the decision for specific findings of fact. M.R. Civ. P. 52.

tion that Charles had earnings of $70,000. The divorce judgment notes that Charles receives monthly housing and sustenance allowances, which can be said to justify a finding of income of $50,000. The court also mentions that Charles does not pay any state income tax. That fact, however, does not bring Charles's income close to $70,000.

[¶ 11] Further, there is no indication in the record that the court took judicial notice of any facts when imputing income to Charles. If a court takes judicial notice of any facts in imputing income, it should indicate that it is doing so in its findings. The court's finding that Charles earns $70,000 is clearly erroneous. *See Dargie,* 2001 ME 127, ¶ 18, 778 A.2d at 358; *Powell,* 645 A.2d at 623; *cf. Williams v. St. Pierre,* 2006 ME 10, ¶¶ 9–10, 889 A.2d 1011, 1013–14 (noting that our appellate analysis is hindered when there are insufficient findings in a divorce judgment in support of a court's imputation of income to a party). Consequently, the court's award of spousal support, child support, and attorney fees, which is based on that erroneous finding, exceeded the bounds of its discretion.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.