2007 ME 37

**Vicky F. MORIN**

v.

**Michael V. LUNDRIGAN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 20, 2006.

Decided: March 1, 2007.

Dana E. Prescott, Prescott Jamieson Nelson & Murphy, LLC, Saco, for plaintiff.

James L. Audiffred, Saco, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Michael V. Lundrigan appeals from a divorce judgment entered in the District Court (Springvale, *Janelle, J.*), contending that the trial court erred by imputing to him an income of $30,000 a year.[1] We vacate the divorce judgment.

## I. BACKGROUND

[¶ 2] Canadian citizens Lundrigan and Vicky F. Morin met while attending the University of Prince Edward Island. They married in April 1993, and shortly thereafter moved to Newfoundland where Morin was employed as a veterinarian and Lundrigan as a bartender and parole officer. In 1998, the couple immigrated to Maine, where Morin was able to find work as a veterinarian. Lundrigan, who had difficulty finding employment due to immigration restrictions, acted as the primary caregiver for the couple's four children, currently ranging in age from seven to thirteen. Lundrigan found employment in 2002 as a used car salesman.

[¶ 3] Morin currently is employed as a veterinarian, where she works twenty-nine hours a week and earns $54,000 a year plus health benefits. Lundrigan remains at his sales position, working approximately thirty hours a week, earning between $16,000 and $18,000 a year without health benefits. He, however, enjoys significant flexibility in his work schedule that allows him to attend to the children.

[¶ 4] For slightly more than half the week, Morin and the children reside in the marital residence located in East Waterboro. For the balance of the week, Lundrigan and the children reside in a house adjoining the used car lot, owned by and shared with his employer, for which Lundrigan pays $500 per month.

[¶ 5] Morin filed for divorce in 2005, and Lundrigan filed a counterclaim shortly thereafter. The court granted a judgment of divorce, which was later amended in response to Lundrigan's motion for findings of fact and conclusions of law.

[¶ 6] Because he was a college graduate and was working only part-time, the court imputed an income of $30,000 a year to Lundrigan. No additional income was imputed to Morin. Lundrigan was ordered to pay to Morin child support of $85 a week retroactive to February 2005, and $132 a week prospectively. The amended divorce judgment also awarded the parties shared parental rights and responsibilities based on their mediation agreement, whereby Lundrigan has physical custody of the children three nights a week and Morin four nights a week.[2] This appeal followed.

---

1. Lundrigan also argues that the court erred in its determination of the value of the marital residence, erred by allocating to Morin all four child income tax exemptions, and abused its discretion by denying Lundrigan spousal support and ordering him to pay retroactive and prospective child support. Except for the amount of child support and a question about his capacity to pay retroactive child support, we find these claims to be unpersuasive and do not discuss them further in this opinion.

2. Lundrigan has responsibility for the children from Wednesday afternoon when he picks them up as the school bus drops them off at Morin's East Waterboro residence, until Saturday at 2 P.M., when Morin picks them up at Lundrigan's residence. If school is

## II. DISCUSSION

### A. Imputation of Income

 [¶ 7] The Maine Child Support Guidelines provide that "[g]ross income may include the difference between the amount a party is earning and that party's earning capacity when the party voluntarily becomes or remains unemployed or underemployed, if sufficient evidence is introduced concerning a party's current earning capacity."[3] 19–A M.R.S. § 2001(5)(D) (2006). The trial court's determination of a party's income in a divorce proceeding is a factual finding that we review for clear error. *Payne v. Payne*, 2006 ME 73, ¶ 7, 899 A.2d 793, 795. The trial court's determination of a party's income is clearly erroneous only when there is no competent evidence in the record to support it. *Id.*

 [¶ 8] Lundrigan argues that the court erred by imputing to him an income of $30,000 a year. We agree. The record contains no evidence that Lundrigan can increase his earnings after additional childcare costs by 66% by working an additional ten hours per week. *See Payne*, 2006 ME 73, ¶ 10, 899 A.2d at 795–96 (trial court's decision to impute an income of $70,000 to husband in a divorce is vacated because "there [was] insufficient evidence on which the court could have based its determination"). The court's decision to impute an income of $30,000 cannot be sustained. Furthermore, the record contains no principled reason to impute income to Lundrigan but not Morin where both have undertaken to limit their working hours to roughly thirty hours per week in order to care for and enjoy their children.

[¶ 9] On remand, the court, in its discretion, may hear from the parties in argument as to how the law should be applied to the facts in evidence.

The entry is:

The judgment is vacated and the case remanded to the District Court for reconsideration consistent with this opinion.

---

canceled due to snow, the transfer occurs at 11 A.M. Thus, except when it snows on Wednesdays, Lundrigan has primary responsibility for the children for seventy-one hours per week or forty-two percent of the week.

**3.** The guidelines also require the court to consider anticipated childcare costs and other work-related expenses in determining whether to impute income, or how much income to impute, when the party is providing primary care to children between the ages of three and twelve. 19–A M.R.S. § 2001(5)(D) (2006). There is no indication that the court considered Lundrigan to be the children's primary care provider or that the court considered the cost of childcare when imputing income to Lundrigan.