2007 ME 46

**Chandra D. PILLSBURY**

v.

**David M. PILLSBURY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 20, 2006.
Decided: March 27, 2007.

Karen Frink Wolf, Jonathan M. Dunitz, Friedman Gaythwaite Wolf & Leavitt, Portland, for plaintiff.

Pamela S. Holmes, Amy B. McGarry, McGarry & Holmes, LLC, Wells, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, and LEVY, JJ.*

CLIFFORD, J.

[¶ 1] David M. Pillsbury appeals from a divorce judgment as to Chandra D. Pillsbury entered in the District Court (Springvale, *Janelle, J.*). Although David asserts that the court erred in several respects, he focuses most of his contentions on the court's award of spousal support to Chandra. Because we agree with David that

---

* Justice Howard H. Dana participated in the initial conference but retired before this opin- ion was certified.

the court erroneously applied the spousal support statutory presumption based on a ten-year marriage, a provision that does not apply in this case, we vacate the judgment.

## I. BACKGROUND

[¶ 2] David and Chandra Pillsbury married on December 11, 1993. They have two minor children. It was on September 18, 2003, that Chandra filed a complaint for divorce against David in the District Court on the ground of irreconcilable differences. David counterclaimed for divorce on the same ground. The parties were able to partially resolve the matter by agreement.

[¶ 3] Following a hearing, the court issued a divorce judgment dated December 14, 2005, and later, in January of 2006, an amended divorce judgment, which corrected a clerical error. The court found, inter alia, that: the parties had been married for twelve years; by agreement of the parties, Chandra left the work force in 1995 for ten years to raise their children; Chandra had recently obtained employment as a substitute teacher, earning an annual income of approximately $5000; given her education and the age of her children, Chandra is underemployed and capable of earning $17,000 per year; and David earns $40,000 per year at the Portsmouth Naval Shipyard, but he is capable of earning $50,000 per year there by accepting travel assignments as he has done in the past. The court concluded, "the presumption of an award of spousal support to [Chandra] in the amount of $125.00 per week, for a period of 6 years is reasonable" because it would approximately equal David's share of the equity in the marital home. Because Chandra wished to remain in the marital home, and because David did not feel that he had the ability to pay weekly support, the court awarded the marital home to Chandra, and also awarded to her David's share of the equity in the

marital home as a lump sum spousal support payment, which the court found "reasonable and necessary for both her and the children." David filed this appeal.

## II. DISCUSSION

[¶ 4] David contends that the court's award of spousal support to Chandra was error in three respects: (1) the court failed to identify the type, term, and limitations on the spousal support award, and the factors considered in awarding it; (2) the court based the award on an erroneous finding as to the length of the parties' marriage; and (3) the court erred in determining the parties' income potential. We inquire into an award of spousal support only to determine whether the trial court has exceeded its discretion. *Urquhart v. Urquhart*, 2004 ME 103, ¶ 3, 854 A.2d 193, 194. The court's underlying factual findings on which an award of spousal support is based are reviewed for clear error, and will be sustained if there is any competent evidence in the record to support them. *Macomber v. Macomber*, 2003 ME 1, ¶ 6, 814 A.2d 456, 457.

A. Sufficiency of Findings

[¶ 5] David argues that the court erred in failing to identify: what type of spousal support it was awarding Chandra, whether or how it applied any statutory presumptions, and the factors on which the court relied in awarding the spousal support. An award of spousal support is governed by 19–A M.R.S. § 951–A (2006). Section 951–A lists the five types of spousal support, each of which is awarded to fulfill a different statutory goal. 19–A M.R.S. § 951–A(2). General spousal support, for example, "may be awarded to provide financial assistance to a spouse with substantially less income potential than the other spouse so that both spouses can maintain a reasonable standard of liv-

ing after the divorce." 19–A M.R.S. § 951–A(2)(A). In considering whether and which type of spousal support to award, section 951–A also lists seventeen factors that the court "shall consider," including the length of the marriage, the parties' ages, the ability of the parties to pay, and the parties' income history. 19–A M.R.S. § 951–A(5).

[¶ 6] An order granting spousal support "must state": (1) "[t]he type or types of support"; (2) "[t]he method or methods of payment, and the term and limitations imposed"; (3) whether "the support awarded is not, in whole or in part, subject to future modification"; and (4) "[t]he factors relied upon by the court in arriving at its decision to award or deny spousal support, if the proceeding was contested." 19–A M.R.S. § 951–A(1). The reasons supporting this requirement are many:

> The trial court's duty to identify the type of support awarded is significant for a number of reasons. The enumeration of "types" of support by the Legislature serves as a guide for trial courts, and limits judicial authority to award spousal support to those listed. Further, the articulation of the type of spousal support is part of the trial court's duty to inform the parties of the reasons underlying its conclusions. The type of support awarded will also inform any appellate analysis required. Finally, the type of spousal support awarded will bear on any future motion to modify the award.

*Urquhart,* 2004 ME 103, ¶ 4, 854 A.2d at 194 (citation omitted). We have vacated judgments on the ground that such decisions did not contain the required statutory findings pursuant to section 951–A(1), despite the deferential standard of review applicable to support awards. *See id.; see also Holt v. Watson,* 2005 ME 33, ¶¶ 6, 7, 868 A.2d 891, 893–94 (vacating an award of spousal support purporting to provide for

reimbursement support, but nevertheless applying a rebuttable presumption applicable only to general spousal support).

[¶ 7] In the instant case, although not explicitly using language mirroring section 951–A(1), the court did provide for each of the four requirements of an order awarding spousal support. First, the court's reference to "the presumption of an award of spousal support," a presumption applicable only to general support awards, indicates that the court was awarding general spousal support to Chandra. Indeed, the portion of section 951–A applicable to general support contains two rebuttable presumptions not applicable to any of the other types of spousal support:

> There is a rebuttable presumption that general support may not be awarded if the parties were married for less than 10 years as of the date of the filing of the action for divorce. There is also a rebuttable presumption that general support may not be awarded for a term exceeding 1/2 the length of the marriage if the parties were married for at least 10 years but not more than 20 years as of the date of the filing of the action for divorce.

19–A M.R.S. § 951–A(2)(A)(1). Both of these presumptions may be rebutted by evidence "that a spousal support award based upon a presumption . . . would be inequitable or unjust." 19–A M.R.S. § 951–A(2)(A)(2). The court found that the parties were married for twelve years, and that "the presumption . . . of spousal support is reasonable," and awarded Chandra spousal support for a term equal to six years. This is a clear indication that the court applied the second presumption set out in subsection (2)(A)(1), applicable only to general support awards.

[¶ 8] Second, the court did state how that support was to be paid in ordering a lump sum payment. Third, section 951–

A(4) provides that any award of spousal support may be modified "when it appears that justice requires." 19–A M.R.S. § 951–A(4). The court was required to make an express statement only if the support award was *not* subject to future modification; silence on this point by the court indicates application of the default provision of subsection (4), which allows for support to be modified in the future. 19–A M.R.S. § 951–A(4). Because the court made no express statements that the award may not be modified in the future, the award is modifiable pursuant to subsection (4), and the court's duty to state such pursuant to the third requirement of section 951–A(1) was satisfied.

[¶ 9] Finally, the court did recite the factors on which it relied in awarding spousal support pursuant to section 951–A(5), including the length of the parties' marriage, their income and income potential, their employment situations and education, the division of the marital home, and the parties' retirement funds. We are therefore persuaded that the court adequately satisfied each of the four divorce judgment requirements as set forth in 951–A(1).

**B. Length of the Parties' Marriage**

[¶ 10] David also contends that the court erred in finding that the parties were married for twelve years in awarding spousal support. We agree with David that the evidence does not support, but instead contradicts, the court's finding on the length of the parties' marriage. *See Macomber*, 2003 ME 1, ¶ 6, 814 A.2d at 457.

[¶ 11] Pursuant to the presumption of general support applied by the court, the length of the marriage is determined "as of the date of the filing of the action for divorce." 19–A M.R.S. § 951–A(2)(A)(1). There is no dispute that the parties married on December 11, 1993. There is also no dispute that Chandra filed her complaint for divorce on September 18, 2003. Thus, although the parties had been married twelve years by the time the divorce judgment was actually issued in December of 2005, for purposes of determining spousal support pursuant to section 951–A(2)(A)(1), the duration of the marriage must be measured from December of 1993 to September of 2003, a period of just less than ten years. Accordingly, the court's consideration of the twelve-year marriage period for the purposes of applying the statutory presumption in section 951–A(2)(A)(1) is error.

[¶ 12] Moreover, the fact that the parties were married less than ten years for purposes of the statute means that, if the court awards general support, it must apply the rebuttable presumption that "general support may not be awarded if the parties were married for less than 10 years as of the date of the filing of the action for divorce." 19–A M.R.S. § 951–A(2)(A)(1). Chandra contends that, in any event, she presented enough evidence, and the court made sufficient findings and conclusions, to rebut that presumption. The language of the judgment, however, clearly indicates that the court did not consider the award of spousal support based on the presumption applicable to a marriage of less than ten years, as it was required to do, but rather applied the presumption applicable to a marriage of ten years or more. Because the court applied the wrong rebuttable presumption applicable to general spousal support, we must remand to the District Court for reconsideration of the award of spousal support.

[¶ 13] Finally, contrary to David's contentions, we discern no error in the court's determination of the parties' income potential, or in the court's manner of dealing with refinancing of the marital home.

 The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.