2007 ME 95

**Arnold B. POTTER Jr.**

v.

**Holly J. POTTER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 17, 2007.

Decided: July 26, 2007.

Luke M. Rossignol, Bemis & Rossignol, LLC, Presque Isle, for plaintiff.

James M. Dunleavey, Dunleavey Law Offices, P.A., Presque Isle, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, CALKINS, LEVY, SILVER, and MEAD, JJ.

CLIFFORD, J.

[¶ 1] Holly J. Potter appeals from a judgment granting a divorce to her and Arnold B. Potter Jr. entered in the District Court (Houlton, *O'Mara, J.*). Holly contends that the court erred and abused its discretion by (1) limiting the amount and duration of spousal support awarded pursuant to 19–A M.R.S. § 951–A (2006), and (2) making the award of spousal support not subject to future modification.

We are unpersuaded by Holly's contentions as to the amount and duration of the award of spousal support, but because we agree with Holly's second contention, we amend the judgment to make it subject to future modification, and as amended, we affirm the judgment.

## I. BACKGROUND

[¶ 2] On July 1, 2005, Arnold B. Potter Jr. filed a complaint in the District Court seeking a divorce from his wife of nearly twenty-two years, Holly J. Potter, on the ground of irreconcilable marital differences. Holly counterclaimed for divorce on the same ground. Following mediation and settlement of a number of issues, the issues of parental rights and responsibilities, primary residence of the minor child, child support, and spousal support remained unresolved and were tried before the District Court.

[¶ 3] The court issued a divorce judgment, providing that the parties have shared parental rights and responsibilities with respect to the parties' minor child, with the primary residential care of the child awarded to Holly; that Arnold pay child support in the amount of $157.60 per week; that an order issued by the family law magistrate (*Langner, M.*) following mediation be incorporated by reference, with respect to property and debt; and that Arnold pay Holly general spousal support in the amount of $160 weekly for a period of five years. Section 7 of the judgment further provides that spousal support terminate in the event of Holly's remarriage, and that spousal support is not, in whole or in part, subject to any future modification.

[¶ 4] In determining the amount of spousal support, the District Court made findings with respect to most of the factors set out in 19-A M.R.S. § 951-A(5)(A-*O*). The court found that Arnold earns in excess of $50,000 per year; Holly has not worked since 2002 in order to care for the minor child; Holly contributed to the marriage as a homemaker; the parties were "very poor" for the majority of the marriage, but in recent years, Arnold's earnings have increased substantially following his commercial driver's license training; Holly also has a commercial drivers' license; and Holly is seeking to further her education by pursuing a bachelor's degree, which she should achieve in two and a half years. Neither party moved for further findings pursuant to M.R. Civ. P. 52. Holly filed this appeal.

## II. DISCUSSION

### A. Amount and Duration of Spousal Support

[¶ 5] Holly contends that the court erred as a matter of law and abused its discretion in awarding no more than $160 per week in spousal support for a period of five years, contending that the court did not properly consider Arnold's ability to pay a higher amount, or Holly's needs and limited opportunities. Holly also argues that the court did not give adequate consideration to the statutory provisions governing spousal support. *See* 19-A M.R.S. § 951-A(5).

[¶ 6] We review a trial court's award of spousal support for an abuse of discretion, *see Payne v. Payne*, 2006 ME 73, ¶ 7, 899 A.2d 793, 795, whereas the court's factual findings on which the spousal support are based are reviewed for clear error. *Macomber v. Macomber*, 2003 ME 1, ¶ 6, 814 A.2d 456, 457.

[¶ 7] Trial courts have considerable discretion when awarding spousal support and we review spousal support awards with deference, vacating such awards only when the record reflects a clear abuse of the trial court's discretion. *Id.* The primary purpose of general spous-

al support is "to provide financial assistance to a spouse with substantially less income potential than the other spouse so that both spouses can maintain a reasonable standard of living after the divorce." 19–A M.R.S. § 951–A(2)(A). The spousal support statute does not create any presumption as to limitations on the duration of general spousal support when the marriage has lasted for more than twenty years, as it does for marriages of twenty years or less. 19–A M.R.S. § 951–A(2)(A). Pursuant to 19–A M.R.S. § 951–A(5), the court must consider a number of factors in determining the amount and duration of an award of spousal support.

[¶ 8] Although the court has a duty to make sufficient findings to inform the parties of the reasons for its conclusions, and to allow for effective appellate review, there is no requirement that a court "detail the rationale it uses to reach each finding of fact or conclusion of law." *See Miele v. Miele*, 2003 ME 113, ¶ 11, 832 A.2d 760, 763. In this case, because the court addressed most of the factors set out in section 951–A(5), and because Holly did not move for further findings, we must assume that the court made all findings necessary to support the amount of spousal support. *See Powell v. Powell*, 645 A.2d 622, 623–24 (Me.1994).

[¶ 9] The record also supports the court's limitation on the term of spousal support to five years. *See* 19–A M.R.S. § 951–A(5)(O). Although Arnold was earning over $50,000 at the time of the divorce judgment, he made substantially less income during most of the marriage. Holly is expected to complete her bachelor's degree in two and a half years and, although both parties suffered from medical problems, none of those medical problems resulted in total disability. Holly also has a commercial driving license that could be used to derive income. Accordingly, the court did not err or abuse its

discretion in limiting the duration of spousal support.

## B. Non–Modification of Spousal Support

[¶ 10] Holly further contends that the court erred and abused its discretion in making the award of spousal support not subject to future modification. We have repeatedly stated "that spousal support awards may not be based on speculative predictions of future economic circumstances." *Warner v. Warner*, 2002 ME 156, ¶ 48, 807 A.2d 607, 624. Accordingly, when a court prohibits future modification of spousal support, as is the case here, "we must necessarily review much more carefully the extent to which the future economic conditions of the parties may be based upon speculative prediction," *id.*, particularly when the parties have not agreed to non-modification, *Fitzpatrick v. Fitzpatrick*, 2006 ME 140, ¶ 15, 910 A.2d 396, 400.

[¶ 11] "Absent the parties' agreement, courts should exercise their discretion to order non-modifiable spousal support only where it is demonstrated that there is a heightened need to achieve greater certainty in the parties' post-divorce financial relationship." *Id.* ¶ 16, 910 A.2d at 400. In *Fitzpatrick*, we reviewed the record and concluded that the trial court had exceeded the bounds of its discretion in ordering that spousal support not be subject to future modification when the record reflected that it was "reasonable to anticipate that in the future both [spouses] will rely on earned income to support themselves and their minor daughter" due to a lack of assets; there was no suggestion that the payor · spouse had failed to abide by interim support obligations; and neither party was overly-litigious and prone to misuse the right to seek a modification of the support order in the future. *Id.* ¶ 18, 910 A.2d at 401.

[¶ 12] Similarly, in the instant case, the parties do not have substantial assets, and earned income is, and will continue to be, what they rely on to support themselves and their child. Moreover, the court made no finding that there is an unusual need for economic certainty in the future, and there is no suggestion that Arnold failed to abide by any prior orders, or that either party is prone to litigation or to misuse the right to seek a modification of the support order in the future.

[¶ 13] Because the record does not permit us to assume that the court found facts sufficient to conclude there is a heightened need for economic certainty so as to justify a provision for non-modification, we must conclude that the court exceeded the bounds of its discretion when it ordered that the spousal support could not be modified on a showing of a substantial change in circumstances in the future.

The entry is:

The divorce judgment is modified by the deletion of the following sentence in section 7 of the judgment, "This support is not, in whole or in part, subject to future modification." As modified, the divorce judgment is affirmed.