2008 ME 143

**Duane A. MANNING**

v.

**Dana E. MANNING.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 29, 2008.

Decided: Sept. 16, 2008.

Peter S. Kelley, Esq., Kelley & Leger Law Offices, Caribou, ME, for Duane Manning.

Gregory J. Orso, Esq., Erwin, Ott, Clark, Orso & Campbell, York, ME, for Dana Manning.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] Duane A. Manning appeals from a divorce judgment entered in the District Court (York, *O'Neil, J.*) awarding transitional spousal support to Dana E. Manning. Duane argues that the court misread his earnings statement, understood his annual income to be higher than it was, and therefore erred in calculating his transitional spousal support obligation. We

find sufficient evidence in the record to support the award of spousal support to Dana and affirm the judgment of the District Court.

■ [¶2] The court ordered Duane to pay Dana $750 per month based in part upon a reading of Duane's civilian leave and earnings statement through which the court understood that Duane earned approximately $71,000 in base pay annually. A review of that document shows, however, and the parties do not dispute, that Duane actually earned approximately $10,000 less in annual base pay. Following the divorce judgment, Duane timely filed a motion for findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(a). The court denied the motion, reasoning that the divorce judgment set out adequate factual findings, but did enter an explanatory order addressing its rationale for the order of spousal support. In that order, the court did not adjust the calculation of Duane's annual base pay, but clarified that it had also relied upon Duane's own submitted budget, as well as Dana's post-hearing written argument, to conclude that Duane had an ability to pay $750 in monthly payments.

■ [¶3] We review a court's award of spousal support for an abuse of discretion. *Pillsbury v. Pillsbury*, 2007 ME 46, ¶4, 918 A.2d 1210, 1211. The underlying factual findings upon which a court bases an award of spousal support are reviewed for clear error and will be sustained "if there is any competent evidence in the record to support them." *Id.* We discern no error in the court's finding that spousal support was warranted in this instance and conclude that, regardless of any error regarding Duane's annual base pay, the District Court had other evidence before it, including Duane's own submitted budget, that could have independently led the court to determine, in its discretion, that

$750 per month was an appropriate spousal support award.

The entry is:

Judgment affirmed.