MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:       2015 ME 33
Docket:         And-14-359
Submitted
 On Briefs:  February 26, 2015
Decided:        March 17, 2015

Panel:          ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.


MATTHEW W. BUCK

v.

LISA H. BUCK


PER CURIAM

[¶1]  Lisa H. Buck appeals from a divorce judgment entered in the District Court (Lewiston, *Beliveau, J.*) awarding her spousal support and child support, and declining to award her retroactive child support or attorney fees.  She contends that the court erred by (1) awarding too little spousal support; (2) considering inappropriate factors in its spousal support determination, including its finding that she was cohabitating with another individual; (3) declining to award retroactive child support; (4) making a finding of the amount of her gross income that, she asserts, was higher than her actual gross income; and (5) leaving each party responsible for his or her own attorney fees.[1]

---

[1]  Lisa also argues that the court abused its discretion by declining to order Matthew to designate her as a fifty-percent beneficiary of the survivor benefit plan of his unvested military pension, but her argument is undeveloped, and it is unclear on what grounds she argues she is entitled to relief.  Her

2

[¶2]   Review of the record demonstrates that this case presented particular challenges to the court in seeking to reach a fair and equitable result.  First, the parties' two minor children have significant, chronic health issues that have resulted in substantial medical expenses in the past and appear likely to require similar expenditures in the future.  However, the record contains only very limited information as to the extent of those likely expenses, or the extent to which those expenses may, or may not, be covered by health insurance or federal disability insurance programs.  Because, by agreement, each party was awarded the primary residence of one child, the financial impact of each party's primary responsibility for one child had to be considered by the court, *see* 19-A M.R.S. § 951-A(5)(B) (2014), but based on a record that left much to speculation.

[¶3]   Second, the court received vague and speculative information about what Lisa's own health care and insurance costs might be, and about whether she qualified for either private health insurance or coverage through MaineCare or Medicaid.   Although Lisa qualifies for MaineCare or Medicaid because she receives Social Security Disability payments, Lisa testified that she did not look into coverage through MaineCare because it was "not an option" for her, and the

argument is therefore considered waived.  *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11 & n.6, 905 A.2d 290.  Similarly, to the extent that Lisa argues that the trial court erred or abused its discretion by declining to order retroactive spousal support, her argument, not developed in her brief, is likewise waived. *See id.*

court heard vague evidence of whether MaineCare might cover Lisa's specialized treatments. Lisa contends that, because she is reluctant to apply for MaineCare, the spousal support award is inadequate to support her health care costs.

[¶4] Third, Lisa has been living with another adult since February 2013, and Lisa's attorney explicitly asked the court to find that she was cohabiting with that person ("We want a finding that she's currently cohabiting, Your Honor."). Despite requesting that finding, Lisa now contends that because cohabiting was a "financial necessity," the court erred in considering her cohabitation in making its determinations regarding spousal support.

[¶5] Because, as here, courts in domestic relations cases are often called upon to make close and difficult decisions based on inadequate or incomplete records, we review the court's findings and discretionary rulings in such cases with considerable deference. *See Robinson v. Robinson*, 2000 ME 101, ¶ 13, 751 A.2d 457. Thus, when a party to a domestic relations appeal asserts that the court's findings are not supported by the evidence, "we review the record, and reasonable inferences that may be drawn from the record, in the light most favorable to the trial court's judgment to determine if the findings are support[ed] by competent evidence." *Sloan v. Christianson*, 2012 ME 72, ¶ 2, 43 A.3d 978; *Pelletier v. Pelletier*, 2012 ME 15, ¶ 13, 36 A.3d 903.

[¶6] We then review a court's ultimate decision on critical issues, such as awards of spousal support or child support, for an abuse of discretion or an error of law. *See Sloan*, 2012 ME 72, ¶ 26, 43 A.3d 978. "The judgment of the trial court is entitled to very substantial deference because the court is able to appraise all the testimony of the parties and their experts." *Grant v. Hamm*, 2012 ME 79, ¶ 6, 48 A.3d 789.

[¶7] Contrary to Lisa's contentions, the court, in awarding spousal support, did not err as a matter of law when it considered factors not explicitly stated in 19-A M.R.S. § 951-A(5) (2014). *See* 19-A M.R.S. § 951-A(5)(Q) (authorizing the court to consider "[a]ny other factors [it] considers appropriate" in determining spousal support); *Sorey v. Sorey*, 1998 ME 217, ¶¶ 10-11, 718 A.2d 568. Particularly, the court did not err by considering Lisa's cohabitation as a factor in determining spousal support, because this information was both relevant and fully supported by evidence in the record. *Cf. Charette v. Charette*, 2013 ME 4, ¶¶ 10-11, 60 A.3d 1264. Further, the court did not abuse its discretion by awarding an initial spousal support award of $1.00 per year until Matthew's child support obligation ceases for the child who turns eighteen years old in 2015, to be followed by an award of $200 per month, or by ordering that the spousal support award terminate if and when Matthew's military pension vests and Lisa receives a share of that pension. *See Potter v. Potter*, 2007 ME 95, ¶¶ 6-7, 9, 926 A.2d 1193.

[¶8]   Finally, contrary to Lisa's contentions, the court did not abuse its discretion by imputing income to her, *see Sheikh v. Haji*, 2011 ME 117, ¶¶ 16, 18, 32 A.3d 1065, by declining to award her retroactive child support, *cf. Holbrook v. Holbrook*, 2009 ME 80, ¶¶ 23-24, 976 A.2d 990, or by declining to award her attorney fees, *see Largay v. Largay*, 2000 ME 108, ¶ 16, 752 A.2d 194.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Mara King, Esq., Lewiston, for appellant Lisa Buck

Heather S. Walker, Esq., Paradie, Sherman, Walker & Worden, Lewiston, for appellee Matthew Buck

Lewiston District Court docket number FM-2013-675
FOR CLERK REFERENCE ONLY