MAINE SUPREME JUDICIAL COURT                                Reporter of Decisions
Decision:     2017 ME 39
Docket:       Pen-16-104
Submitted
 On Briefs:   January 19, 2017
Decided:      March 7, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

LAURA A. MILLAY

v.

JOHN E. MCKAY JR.

PER CURIAM

[¶1]  Laura A. Millay and John "Jack" E. McKay Jr. were married on November 18, 2006, and have two young children.  A few days before the marriage, when Millay was pregnant with their first child, McKay presented Millay with a prenuptial agreement, which she signed without benefit of counsel.

[¶2]  McKay entered the marriage with substantial financial assets, including revocable and irrevocable trusts worth over $1,000,000 and two properties located on Ohio Street in Bangor.  Before their marriage, the couple purchased, as joint tenants, property on Verona Island.  McKay spent over $400,000 of his nonmarital assets to support the relationship and the marriage, including the purchase of property on Verona Island, contributions

to Millay's education, and renovations to the Ohio Street and Verona Island properties. Despite the property improvements, all the properties' values decreased significantly during the marriage due to market forces.

[¶3] After six years of marriage, Millay and McKay separated in April 2013. McKay then conveyed his interest in the Verona Island property to Millay. She filed for divorce on September 13, 2013, in the District Court (Bangor) on the ground of irreconcilable differences. *See* 19-A M.R.S. § 902(1)(H) (2016).

[¶4] After a two-day trial, by judgment dated January 21, 2016, supported by extensive findings, the court (*Jordan, J.*) set aside the parties' nonmarital property; divided their joint assets and debts; ordered McKay to pay Millay child support, retroactive to February 2015; declined to award spousal support other than as part of property division; denied Millay's request for attorney fees; and incorporated into the judgment the parties' agreement regarding parental rights and responsibilities.

[¶5] In its judgment, the court recognized the existence of the prenuptial agreement, noted the infirmities in its formation, indicated that its decisions regarding property division and spousal support were made based on the laws and general principles courts apply in dividing marital property

and determining spousal support, and stated that "an analysis independent of the prenuptial agreement renders the issues as to its enforceability irrelevant." Addressing allocation of the Verona Island property to Millay, the court suggested that its award to Millay may have been less favorable to her, but for provisions in the prenuptial agreement.

[¶6] Millay filed several post-judgment motions pursuant to M.R. Civ. P. 52(b), 59(a), (b), and (e); and 60(b)(6). She now appeals from the court's property division, spousal support, and attorney fee determinations, from some evidentiary rulings, and from the denial of her post-judgment motions. *See* 14 M.R.S. § 1901 (2016); 19-A M.R.S. §104 (2016), M.R. App. 2.

## I. LEGAL ANALYSIS

[¶7] Millay's challenges focus on the division of marital property and the denial of spousal support and attorney fees. Regarding these issues, the court findings, supported by the record, indicate that (1) McKay had contributed to the marriage approximately $400,000 of his nonmarital assets; (2) he had made payments to support Millay completing her college education during the marriage; (3) Millay left the marriage with a valuable asset, the Verona Island real estate, which she did not have prior to the marriage; and (4) the parties had similar incomes or earning capacity.

4

[¶8]  When a party to a domestic relations appeal "asserts that the trial court's findings are not supported by evidence in the record, we review the record, and reasonable inferences that may be drawn from the record, in the light most favorable to the trial court's judgment to determine if the findings are supportable by competent evidence."  *Sloan v. Christianson*, 2012 ME 72, ¶ 2, 43 A.3d 978.  *See also Buck v. Buck*, 2015 ME 33, ¶ 5, 113 A.3d 1095.  Here, the record before the District Court fully supports the court's findings in reaching its decision.

[¶9]  With the court's findings supported by the record, we review a court's ultimate decision for an abuse of discretion or an error of law. *See Buck*, ¶ 6.  On this record, the court had a considerable range of discretion or choice in allocating marital property and awarding, or not awarding, spousal support or attorney fees.  *See Violette v. Violette*, 2015 ME 97, ¶¶ 13-28, 120 A.3d 667; *Buck*, 2015 ME 33, ¶ 6, 113 A.3d 1095.  The short duration of the marriage, the parties' relatively equal incomes and earning capacities, and the award of a substantial marital asset to Millay fully support the decision not to award spousal support.  *See Violette*, ¶ 18 ("We review an award of spousal support for an abuse of discretion."); 19-A M.R.S. § 951-A(2)(A) (2016).

[¶10]   The very deferential standard of review that we must apply when, as here, the court's findings are supported by the record, and the broad discretion the trial court has in making its determinations requires that any appeal be carefully considered and narrowly focused recognizing the applicable standard of review.

[¶11]   We take this opportunity to encourage counsel to reduce costs and improve chances of success by better focusing their arguments on appeal. On this appeal, Millay, through counsel, has taken a "buckshot approach," arguing numerous procedural and substantive issues, apparently "hoping something will stick."  Leigh Ingalls Saufley, *Amphibians and Appellate Courts*, 51 Me. L. Rev. 18, 22-23 (1999) ("*Do not use the buckshot approach hoping something will stick*.  Some very good arguments have been lost in a sea of extraneous issues.  If your client is expecting your brief to be a lengthy and erudite tome, educate him or her on the necessity of brevity and clarity." (emphasis in original)); *see also United States v. Price*, 988 F.2d 712, 714, 722 (7th Cir. 1993) (addressing an appeal that presented numerous, poorly supported challenges to a defendant's guilty plea and resulting sentence and concluding that the "appeal reads like a criminal lawyer's primer of defenses. This court has disapproved this sort of buckshot approach where the

defendant has only a mere hope that a pellet will strike. None of [the defendant's] pellets have found their mark." (citation omitted)).

[¶12]  Millay contends that the court erred by:

- denying her motion for further findings of fact and conclusions of law, a motion that was not supported by the filings required by the Rules, *see* M.R. Civ. P. 52(a), (b), Blue Br. 9-11;

- denying, without comment, a single motion purporting to request further findings of fact and conclusions of law, a new trial, alteration or amendment of the judgment, relief from judgment, and clarification of the judgment, Blue Br. 9-10;

- granting McKay's motion to amend the judgment to include statutorily mandated language, correct a typographical error, and add a tax provision regarding the children, a wholly inexplicable argument on appeal, Blue Br. 9-11;

- denying her motion to vacate the amended judgment, Blue Br. 9-11;

- issuing an ambiguous judgment regarding the prenuptial agreement, Blue Br. 12;

- giving effect to the prenuptial agreement, Blue Br. 16, despite the contrary statement by the court;

- setting aside the Ohio Street properties and Boston Athenaeum share to McKay as his nonmarital property, Blue Br. 17-21;

- "awarding nothing" to her when she alleges that the parties have "drastically different" economic circumstances and she is "living a lifestyle far less than that of" McKay, Blue Br. 23;

- not equitably assigning her student loan debt and her debt to the Millay Family Trust, Blue Br. 24;

- failing to address McKay's alleged economic misconduct regarding their 2012 tax refund, Blue Br. 22-23;

- denying her request to order the sale of McKay's nonmarital firearms, Blue Br. 20;

- not imputing full-time income to McKay, Blue Br. 25, 27-28;

- not finding that McKay's capital gains were from an ongoing source, Blue Br. 25-26;

- not awarding child support retroactive to April 2013, Blue Br. 28;

- not finding that the parties perform "substantially equal care" of the children and calculating child support accordingly, Blue Br. 25-28;

- allowing expert witness testimony from a witness identified after the witness designation deadline had passed, Blue Br. 30-33;

- admitting McKay's exhibit 32, which was a summary of his testimony about nonmarital funds spent during the marriage, and mentioning it in its judgment without indicating that McKay's testimony "altered the document significantly", Blue Br. 30-31;

- excluding her testimony about McKay's lack of cooperation, but admitting over objection his exhibit 38, which was a partial list of expenses he incurred after separation, Blue Br. 30-33;

- admitting de bene for impeachment purposes McKay's exhibit 41, which was a series of emails between Millay and McKay, and denying her motion requesting that the court consider the complete series of emails, Blue Br. 30-33; and

- not awarding her attorney fees when McKay is in a better position to absorb the costs of litigation and she "sought compromises and solutions throughout this process while [McKay] did not." Blue Br. 29.

8

[¶13]   This buckshot and substantially unsupported strategy for advancing issues on appeal is not an effective approach to appellate advocacy. Most complaints about the trial court's actions are asserted without apparent recognition of the very deferential standards of review that we must apply after a trial in which the parties had a full and fair opportunity to present their positions and after a trial court decision that thoroughly addressed the contested issues and made findings supported by the record.  The issues on this appeal are not close; at most, the appeal should have focused on a few narrow points that had the best prospect of serious consideration.  Instead, potentially meritorious points on appeal, if any exist, have been lost in the fog of insubstantial and unsupportable objections to the trial process and the trial court's decision.

The entry is:

Judgment affirmed.

---

Martha J. Harris, Esq., Paine, Lynch & Harris, P.A., Bangor, for appellant Laura A. Millay

Peter B. Bickerman, Esq., Lipman & Katz, P.A., Augusta, for appellee John E. McKay, Jr.