We vacate the orders awarding child custody and support payments to the wife because both of the Adams children had reached the age of eighteen at the time of the divorce judgment.

 Brenton further challenges the court's division of the marital property. It is well settled that a divorce court's decision with respect to the disposition of marital property is reviewable only for abuse of discretion. *Axtell v. Axtell*, 482 A.2d 1261, 1263 (Me.1984). After a careful review of this record, we find that the court acted within its discretion in its division of the marital property. However, that portion of the order awarding "title to the real estate" must be modified to identify properly the real estate in question for the protection of record title. *See Eaton v. Eaton*, 447 A.2d 829, 831 n. 1 (Me.1982); *Baker v. Baker*, 444 A.2d 982, 986–87 (Me.1982).

The entry is:

Remanded to the Superior Court for amendment of its judgment to include a description identifying the real estate held by the parties and to vacate the orders awarding custody of the children and child support. As so modified, the judgment is affirmed.

All concurring.

Edward C. Russell (orally), Bangor, for plaintiff.

No appearance for appellant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

VIOLETTE, Justice.

Defendant Stephen J. Nicholson appeals from a judgment of divorce and award of custody and support of the two minor children by the Superior Court, Penobscot County. On appeal the defendant raises several issues regarding custody, support, and procedural defects in the trial. We affirm the judgment.

The facts in the record may be summarized as follows. The parties were married in Wroughton, England in 1976 but subsequently moved to Bangor the same year. The father is a British subject and the mother is a United States citizen. At the hearing for divorce, the mother testified that she works as a part-time waitress and receives AFDC and that the father is a school teacher in England. She further testified to an agreement the parties had reached pertaining to the distribution of marital property, custody and support of the minor children and specific visitation arrangements. The defendant was present at trial and was represented by counsel, but did not testify. Defendant made no objection to any of plaintiff's testimony

---

**Julie A. NICHOLSON**

v.

**Stephen J. NICHOLSON.**

Supreme Judicial Court of Maine.

Argued May 2, 1986.

Decided June 27, 1986.

introduced at trial. Furthermore, defendant failed to file any pretrial motions regarding procedural issues, nor were any objections made at trial pertaining to either procedural or evidentiary issues or any of the court's rulings.

On appeal defendant raises eight issues. There are, however, two difficulties with defendant's attempt to advance these issues on appeal. First, he failed to raise them below and, therefore, "is not open to ... press [them] belatedly on appeal." *Graybar Electric Co., Inc. v. Sawyer*, 485 A.2d 1384, 1388 (Me.1985). This Court has repeatedly held that "[n]o principle is better settled than that a party who raises an issue for the first time on appeal will be deemed to have waived the issue, even if it is one of constitutional law." *Cyr v. Cyr*, 432 A.2d 793, 797 (Me.1981). The second difficulty with Stephen's assertion of these issues is that all the critical facts upon which he relies are absent from the record on appeal. The appellant has failed to meet his burden of supporting his "appeal with a record sufficient in content to permit a fair consideration of the issues" by this court. We therefore, decline review. *Meyer v. Meyer*, 414 A.2d 236, 238 (Me. 1980); *Berry v. Berry*, 388 A.2d 108, 109 (Me.1978).

The entry is:

Judgment affirmed.

All concurring.

**STATE of Maine**

v.

**Gary S. DeROEHN.**

Supreme Judicial Court of Maine.

Argued April 28, 1986.

Decided July 2, 1986.

Janet T. Mills, (orally) Dist. Atty., Anthony Ferguson, Asst. Dist. Atty., South Paris, for plaintiff.

Berman, Simmons & Goldberg, P.A., Paul F. Macri, (orally), William D. Robitzek, Thomas J. Valvano, Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

VIOLETTE, Justice.

Defendant, Gary S. DeRoehn appeals from a judgment rendered in Superior Court, Oxford County, finding him guilty of operating a motor vehicle with excessive blood-alcohol or under the influence of intoxicating liquor, (EBA/OUI) in violation of 29 M.R.S.A. § 1312–B. The issue raised on appeal is whether, by reason of a prior