**MAINE NATIONAL BANK,**

v.

**Mark L. DUBAY.**

Supreme Judicial Court of Maine.

Argued June 6, 1986.

Decided July 28, 1986.

---

**1042**

Black & Hopkinson, Bruce B. Hochman (orally), William R. Black, Portland, for plaintiff.

Roger S. Golin (orally), Bath, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

Defendant, Mark L. Dubay appeals from a summary judgment of foreclosure rendered in Superior Court, Sagadahoc County. On appeal defendant asserts that the Superior Court erred 1) in exercising jurisdiction over him because he was served with a defective summons and 2) in denying his motion to dismiss the complaint on grounds that an unsigned complaint was filed in the Superior Court. We affirm the judgment.

Defendant first contends that the form of the summons was defective and, therefore, the trial court never acquired personal jurisdiction over him. He argues that a summons may not bear the venue designation of Sagadahoc County, and at the same time bear the signature of the clerk of Superior Court for Cumberland County, when the action is made returnable in Superior Court for Sagadahoc County. We disagree. The summons was under the proper seal of Superior Court for the State of Maine and bore the signature of the Clerk of Superior Court, Cumberland County, who pursuant to 4 M.R.S.A. § 108, was empowered to sign and issue a summons for an action returnable to Sagadahoc County. We conclude, therefore, that the summons was not defective and that Dubay's assertion that the trial court never acquired personal jurisdiction over him is without merit.

Defendant also asserts on appeal that the Superior Court erred in denying his motion to dismiss the foreclosure action on the ground that the complaint filed with the court within 20 days of service as required by M.R.Civ.P. 3 did not bear the attorney's signature required by M.R. Civ.P. 11. However, "[t]he filing of the complaint within the period prescribed [by Rule 3] is not a jurisdictional act; therefore a motion for enlargement of time may be allowed under Rule 6(b)." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 3.3, at 44 (1970). A properly signed complaint was placed in the trial court's file at some time well before defendant filed his motion

to dismiss for failure to file a signed complaint within 20 days of service. After hearing, the trial court denied defendant's motion to dismiss. Since defendant on appeal has failed to provide this court with a record of that motion hearing, we have no way of knowing the grounds upon which the trial court denied defendant's motion to dismiss. Since defendant has failed in his duty as appellant to furnish a record adequate for a fair consideration of his second issue, his appeal on that score must also fail. *Nicholson v. Nicholson,* 510 A.2d 1075 (Me.1986); *National Counsel on Compensation Ins. v. Superintendent of Insurance,* 481 A.2d 775, 780 (Me.1984).

The entry is:

Judgment affirmed.

All concurring.