2004 ME 103

**Freida L. URQUHART**

v.

**Douglas M. URQUHART.**

Supreme Judicial Court of Maine.

Submitted: On Briefs: July 9, 2004.

Decided: Aug. 4, 2004.

Eric S. Dick, Esq., Farris, Foley & Dick, P.A., Augusta, for plaintiff.

Robert J. Levine, Esq., Strout & Payson, P.A., Rockland, for defendant.

Panel: SAUFLEY, C.J., and RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Douglas M. Urquhart appeals from a judgment entered in the District Court (Rockland, *Worth, J.*) granting Douglas and Freida Urquhart a divorce. Douglas

asserts that the court erred by failing to comply with the statutory requirements in ordering Douglas to pay spousal support to Freida and that the court exceeded the bounds of its discretion by granting Freida's request for attorney fees. Because the court did not specify the type of spousal support awarded and the record fails to support the court's conclusion that Douglas was better able to bear the costs of litigation, we vacate the judgment.

## I. BACKGROUND

[¶2] Douglas and Freida are both in their early seventies; their marriage spanned over thirty years. In April 2003, Freida filed for divorce, citing irreconcilable differences. In her complaint she asks the court to divide the couple's marital property and order Douglas to pay her attorney fees. A hearing on Freida's complaint was held in October 2003, at which Douglas appeared pro se and Freida appeared represented by counsel. In its decision following the hearing, the court granted the parties a divorce based on irreconcilable marital differences. As part of the divorce judgment, Douglas was ordered to pay Freida $300 per month in spousal support as well as a portion of Freida's attorney fees. This appeal followed.

## II. DISCUSSION

### A. Spousal Support

[¶3] Generally, the determination of whether spousal support is appropriate is left to the "sound discretion of the trial court." *Noyes v. Noyes*, 662 A.2d 921, 922 (Me.1995). Title 19–A M.R.S.A. § 951–A(2) (Supp.2003) lists five types of spousal support [1] that may be awarded and

requires that any order "granting, denying or modifying spousal support must state . . . the type or types of support, if support is awarded." In the present case the trial court cites to the statute, stating that it has "considered the factors pertinent to an award of spousal support under 19–A M.R.S.A. § 951–A, including the parties' respective needs and ability to pay."

[¶4] While the judgment's reference to the statute minimally satisfies its duty to rely on statutory criteria in making its award, the court provides no indication of the type of support awarded. The trial court's duty to identify the type of support awarded is significant for a number of reasons. The enumeration of "types" of support by the Legislature serves as a guide for trial courts, and limits judicial authority to award spousal support to those listed. Further, the articulation of the type of spousal support is part of the trial court's duty to inform the parties of the reasons underlying its conclusions. *See Bayley v. Bayley*, 602 A.2d 1152, 1153–54 (Me.1992) ("[A] divorce court has a duty to make findings sufficient to inform the parties of the reasoning underlying its conclusions and to provide for effective appellate review."). The type of support awarded will also inform any appellate analysis required. Finally, the type of spousal support awarded will bear on any future motion to modify the award. Therefore, the court's award of spousal support must be vacated.

### B. Attorney Fees

[¶5] Douglas argues that the court exceeded the bounds of its discretion by ordering him to pay Freida's attorney fees. Relying on his accounting of the parties' assets and liabilities, he contends that he

---

1. Section 951–A provides for five types of spousal support: general, transitional, reimbursement, nominal, and interim support.

19–A M.R.S.A. § 951–A (2)(A)-(E). Each of these categories was created to further discrete legislative goals.

does not have the capacity to absorb the costs of the parties' litigation, and therefore, the award is not just under the circumstances.

[¶ 6] We review the grant of attorney fees for a sustainable exercise of discretion. *Largay v. Largay*, 2000 ME 108, ¶ 16, 752 A.2d 194, 198. Divorce courts may order a party to pay another party's attorney fees based on the parties' relative financial ability to pay the costs of litigation as long as the award is ultimately fair under the totality of the circumstances. *Miele v. Miele*, 2003 ME 113, ¶¶ 14–15, 832 A.2d 760, 764. A party's conduct may be taken into account in awarding attorney fees especially when costs of litigation, or other expenses related to the divorce, have been needlessly increased. *Id.* ¶ 16, 832 A.2d at 764–65.

[¶ 7] In this case it is difficult to conclude that Douglas is better able to absorb the costs of litigation. Given that he has been ordered to pay all of the marital debt as well as $300 per month in spousal support, it appears that he will have less disposable income than Freida.

[¶ 8] Since we are vacating the spousal support award, we also vacate the attorney fees award so that on remand the court may reconsider the parties' relative ability to absorb the cost of litigation.

[¶ 9] Douglas's other assertions do not merit comment.

The entry is:

Judgment vacated. Remand to the District Court for its reconsideration on the record before it of its award of spousal support and attorney fees.