2006 ME 68

**John E. CARTER**

v.

**Kim CARTER.**

Supreme Judicial Court of Maine.

Submitted On Briefs: March 22, 2006.

Decided: June 13, 2006.

John E. Carter, Orland, for plaintiff.

Donald F. Brown, Esq., Brewer, for defendant.

Panel: SAUFLEY, C.J., and
CLIFFORD, ALEXANDER, CALKINS,
LEVY, and SILVER, JJ.

SAUFLEY, C.J.

[¶ 1] Kim Carter appeals from a divorce judgment entered by the District Court (Ellsworth, *R.Murray, J.*). She argues that the court erred in finding the value of the parties' camp and abused its discretion in dividing the marital property and debt, determining spousal support, and denying her request for attorney fees. We affirm the judgment.

## I. BACKGROUND

[¶ 2] John E. Carter filed a complaint for a divorce from Kim Carter after almost eighteen years of marriage. After a hearing, the court made findings of fact and entered a divorce judgment that distributed the parties' property and awarded spousal support.

[¶ 3] The parties own three parcels of land: (1) a residence in Bucksport in which

they have equity of $89,900;[1] (2) an apartment building in Bucksport in which they have equity of $62,000; and (3) a camp in Penobscot valued by the court at $30,000, which is unencumbered by any debt. Kim testified that she could not afford to maintain the parties' residence and asked that the court award the house to John and order that he be responsible for the debt on the house. She also testified that she would like to own the apartment building so she would have a place to live and could supplement her income.

[¶ 4] The parties had a life insurance policy, but John surrendered it for $8700 in cash after filing his divorce complaint.[2] John is entitled to participate in a pension program offered by his employer, which, upon retirement, will pay him monthly at a rate of $39 times the number of years he worked for the company.[3] There was no evidence offered as to the present value, if any, of this benefit. John has a 401(k) worth $75,000. Kim does not have any retirement related assets.

[¶ 5] John, age 38 at the time of trial, earned $63,000 in 2004 from employment at International Paper, with the same earnings anticipated for the next year. Kim, age 48 at the time of the hearing, earned $8300 in 2004 from her employment with the United States Postal Service and expected her 2005 earnings to be $8200. Kim testified that she is likely to obtain full-time employment upon the retirement of her superior in the next year or so. She would then earn $38,000 to $40,000 per year.

[¶ 6] According to John's testimony, there are three units in the apartment building that rent for $925, $700, and $625 per month, resulting in $27,000 per year in income. John testified, however, that the annual expenses totaled approximately $20,000, resulting in an annual profit that ranges from $7000 to $10,000.

[¶ 7] The court awarded to John the residence, the camp, his pension proceeds, half the 401(k), personal property worth approximately $11,000, and the bank accounts in his name. To Kim, the court awarded the apartment building, half the 401(k), and personal property worth approximately $52,650. The court made each party responsible for the debts secured by the real property each was awarded and allocated the remaining debts between the two parties.

[¶ 8] The following table[4] records the court's distribution of property and allocation of debts:

---

1. This figure includes an extra $900 in value above what the evidence at trial supported: a property value of $209,000, with debt on the property of $120,000. Neither party challenges the court's valuation.

2. Kim filed a motion for contempt on this basis, but no contempt order was entered.

3. John testified that he had worked for his employer for sixteen years.

4. We encourage the trial courts and parties or attorneys presenting proposals for property distribution to present the distribution of property and allocation of debt in tables similar to the table included below to aid in identifying inequities. *Cf. Peters v. Peters,* 1997 ME 134, ¶ 20 n. 6, 697 A.2d 1254, 1260 (summarizing property distribution in a table); *Dargie v. Dargie,* 2001 ME 127, ¶ 36, 778 A.2d 353, 361 (Dana, J., dissenting) (encouraging trial courts to set out the award of assets and debts in table form). When a judgment lays out the property distribution in a single table, the parties have the opportunity to clearly articulate, and the trial court and this Court may more readily discern, any unintended consequences or disparities.

| | John | Kim |
| ---------------------------------- | --------------- | ------------ |
| Personal Property | $ 11,000 | $ 52,650 |
| 401(k) | 37,500 | 37,500 |
| Real Property | 239,900 [5] | 122,000 |
| Debts on Real Property | (120,000) | ( 60,000) |
| Purchase of Adult Daughter's Car | ( 16,000) | |
| Citibank Credit Card | ( 21,000) | |
| Bank One Credit Card | ( 12,500) | ( 12,500) |
| Store Credit Cards | | ( 12,900) |
| Pension | Not valued | 0 |
| **TOTAL PROPERTY VALUE** | **$118,900 + pension** | **$126,750** |

[¶ 9] Relying on the factors enumerated in 19–A M.R.S. § 951–A(5)(A)–(H) and (O) (2005), the court also awarded general spousal support to Kim to enable her to maintain a reasonable standard of living despite her lower income and lower income potential. Kim requested $200 per week for the rest of her life. The judgment provided for John to pay her $200 per week for nine years. Neither party was ordered to pay attorney fees.

[¶ 10] Based on the court's judgment, taking into account the award of spousal support, John would have $52,600 in income.[6] Kim would have $8200 in income from her employment, which is likely to increase to $38,000 or $40,000 in the next year or so. She would also receive $10,400 in spousal support and, assuming each apartment in the apartment building accounts for a share of expenses proportionate to its rental rate, she would receive $4100 to $7260 in rental income, depending upon which apartment she elects to occupy and whether the annual profits run as low as $7000 or as high as $10,000.

[¶ 11] After the court entered its judgment, Kim filed a motion to enlarge time for filing a motion for further findings of fact and conclusions of law. John objected that the motion to enlarge was not timely filed, citing M.R. Civ. P. 52(a), and the court denied Kim's motion to enlarge.

[¶ 12] Kim timely appealed from the divorce judgment.

## II. DISCUSSION

### A. Valuation of the Camp

[¶ 13] Kim contends that the court undervalued the camp. Because John's competent testimony regarding the camp's value supports the court's valuation of the camp, *Peters v. Peters*, 1997 ME 134, ¶ 14, 697 A.2d 1254, 1259, we conclude that the trial court did not err in its valuation, even if other evidence could support another finding, *see D'Angelo v. McNutt*, 2005 ME 31, ¶ 6, 868 A.2d 239, 242.

### B. Division of Property and Allocation of Debt

 [¶ 14] We review the divorce court's division of marital property and debts for an abuse of discretion. *Bonville v. Bonville*, 2006 ME 3, ¶ 9, 890 A.2d 263, 266. The division need not be equal, but it must be fair and just considering all of the

---

**5.** Again, this figure includes an extra $900 in value to account for the trial court's finding that the parties had $89,900 in equity, though the evidence at trial supported a property value of $209,000 and debt on the property of $120,000.

**6.** These figures do not incorporate the tax treatment of spousal support.

parties' circumstances. *Murphy v. Murphy*, 2003 ME 17, ¶ 27, 816 A.2d 814, 822.

### 1. Marital Residence

[¶ 15] Because Kim's own testimony indicated that she wished to have the apartment building, not the residence, the court did not abuse its discretion in awarding John the residence.

### 2. Proceeds from John's Pension

[¶ 16] Taking into account the financial effect of the judgment as a whole, *see Tibbetts v. Tibbetts*, 2000 ME 210, ¶ 10, 762 A.2d 937, 940, the court's decision to award to John his interest in the pension does not constitute an abuse of discretion. The court awarded Kim an income-producing property and personal property of substantially greater value than the personal property awarded to John.

[¶ 17] Although the value of the personal property may have been inflated, Kim did not dispute the valuation of this property at trial and does not contest the court's valuation in this appeal. Because Kim acceded to the valuation of the personal property, and because she will be responsible for roughly half as much debt as John, and will receive $200 per week in spousal support plus monthly rental income from the apartment building, we conclude that the court's decision to award John his pension was not demonstrably unfair or unjust, considering all the circumstances of the parties.

### 3. Marital Debt

[¶ 18] In arguing that the allocation of debt was roughly equal despite the parties' disparate incomes, Kim appears to overlook $16,000 in debt that John incurred to purchase a vehicle for the parties' daughter and the debt load each party will carry from the division of the debt on the real property: $120,000 for John and $60,000 for Kim. Although John's income is higher, Kim's share of the debt is not disproportionate in a way that renders the judgment unfair or unreasonable when viewed in its entirety.

### C. Spousal Support

[¶ 19] The award of spousal support is generally left to the sound discretion of the trial court. *Urquhart v. Urquhart*, 2004 ME 103, ¶ 3, 854 A.2d 193, 194. When the court has correctly applied the statutory considerations, we review an award of spousal support with great deference.[7] *See Bradshaw v. Bradshaw*, 2005 ME 14, ¶ 13, 866 A.2d 839, 843. By statute, there is a rebuttable presumption that, for a marriage lasting between ten and twenty years, an award of general spousal support should run no longer than half the duration of the marriage. 19–A M.R.S. § 951–A(2)(A)(1) (2005).

[¶ 20] Because Kim failed to file a timely motion for findings of fact and conclusions of law, we infer that the court found any subsidiary facts essential to its ultimate findings. *D'Angelo*, 2005 ME 31, ¶ 6, 868 A.2d at 242. Reviewing the judgment as a whole, it is evident that the court met its statutory burden to *consider* all factors, including John's economic misconduct in liquidating the parties' insurance policy for the benefit of their adult daughter. *See* 19–A M.R.S. § 951–A(5)(M) (2005). After considering all factors, a court may rely on some factors and not others to determine its spousal support award, as the court did here. The factor that requires the court to consider the

---

7. The court must consider all statutory factors in determining spousal support. 19–A M.R.S. § 951–A(5) (2005).

parties' standard of living before the divorce, 19–A M.R.S. § 951–A(5)(N) (2005), does not, as Kim suggests, mandate that either party be guaranteed the same standard of living she or he enjoyed before the divorce. *See Ackerman v. Yates*, 2004 ME 56, ¶ 14, 847 A.2d 418, 424.

[¶ 21] At trial, Kim only requested $200 per week in spousal support. She did request that the support last for the rest of her life, but the court did not abuse its discretion in concluding that she had failed to rebut the statutory presumption that applies to parties who were married for ten to twenty years as of the date the divorce complaint was filed. 19–A M.R.S. § 951–A(2)(A)(1). The court also noted that in the event that Kim or John's circumstances change, spousal support could be awarded for an extended period.

D. Attorney Fees

 [¶ 22] A divorce court may order one party to pay the other's attorney fees "based on the parties' relative finan-cial ability to pay the costs of litigation as long as the award is ultimately fair under the totality of the circumstances." *Urquhart*, 2004 ME 103, ¶ 6, 854 A.2d at 195. We review the divorce court's order regarding attorney fees for an abuse of discretion. *Dargie v. Dargie*, 2001 ME 127, ¶ 30, 778 A.2d 353, 360.

[¶ 23] The court could justifiably have awarded attorney fees based on the disparity in the parties' economic circumstances. It did not, however, abuse its discretion in declining to do so, given Kim's anticipated promotion and her access to rental income and assets.

The entry is:

Judgment affirmed.