2009  ME  2

**Monika G. HARMON**

v.

**Thomas E. HARMON.**

Supreme Judicial Court of Maine.

Submitted on Briefs:  Dec. 12, 2008.
Decided:  Jan. 13, 2009.

Ray R. Pallas, Esq., Law Office of Ray R. Pallas, Portland, ME, for Monika G. Harmon.

Diane Dusini, Esq., Merritt T. Heminway, Esq., MittelAsen, LLC, Portland, ME, for Thomas E. Harmon.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Monika G. Harmon appeals from a divorce judgment entered in the District Court (Portland, *MG Kennedy, J.*) granting Monika and Thomas E. Harmon a divorce. Monika argues that the court abused its discretion in determining the award of spousal support, in dividing the marital property, and in denying her re-

quest for Thomas to pay both parties' attorney fees.[1] We disagree and affirm the judgment.

## I. BACKGROUND

■■ The court found the following facts, which are supported by competent evidence in the record. Monika filed a complaint for divorce from Thomas after fourteen years of marriage. At the time of the divorce hearing, Monika was fifty-nine and earned approximately $22,000 a year working thirty hours per week as an administrative assistant for a real estate company. Monika's job did not provide any employment benefits, but after the divorce she will continue to be eligible to purchase health insurance through Thomas's employer at a cost of about $350 per month. Thomas, age fifty-eight, has a college degree and earned approximately $71,000 annually, and received employment benefits including health insurance, life insurance, and retirement benefits, working full-time as an engineer.

[¶ 3] While the divorce was pending, the court ordered Thomas to pay interim spousal support to Monika and required him to maintain her health insurance.

[¶ 4] In the divorce judgment, the court awarded the marital property to the parties in a manner that created a nearly equal division. The court also ordered Thomas to pay general spousal support to Monika in the amount of $700 per month until April 2015 and ordered each party to be responsible for his and her own attorney fees.

[¶ 5] Monika timely appealed from the divorce judgment.

## II. DISCUSSION

### A. Spousal Support

■ [¶ 6] The spousal support statute defines "general support" as providing "financial assistance to a spouse with substantially less income potential than the other spouse so that both spouses can maintain a *reasonable standard of living* after the divorce." 19–A M.R.S. § 951–A(2)(A) (2008) (emphasis added). In determining an award of spousal support, the trial court must consider sixteen enumerated factors and "[a]ny other factors the court considers appropriate." 19–A M.R.S. § 951–A(5)(A)–(Q).[2] Although one

---

1. Monika also argues that the court erred in denying her M.R. Civ. P. 59 motion, admitting a deposition into evidence, and in its characterization of certain property and debt as marital or nonmarital. These arguments are without merit and will not be addressed.

2. The statutory factors are:
   A. The length of the marriage;
   B. The ability of each party to pay;
   C. The age of each party;
   D. The employment history and employment potential of each party;
   E. The income history and income potential of each party;
   F. The education and training of each party;
   G. The provisions for retirement and health insurance benefits of each party;
   H. The tax consequences of the division of marital property, including the tax conse-

quences of the sale of the marital home, if applicable;
   I. The health and disabilities of each party;
   J. The tax consequences of a spousal support award;
   K. The contributions of either party as homemaker;
   L. The contributions of either party to the education or earning potential of the other party;
   M. Economic misconduct by either party resulting in diminution of marital property or income;
   N. The standard of living of the parties during the marriage;
   O. The ability of the party seeking support to become self-supporting within a reasonable period of time;
   P. The effect of the following on a party's need for spousal support or a party's ability to pay spousal support:

of the listed factors requires courts to consider the parties' standard of living during the marriage, it does not require courts to devise awards to ensure that each party maintains the same standard of living he or she enjoyed during the marriage. *See* 19–A M.R.S. § 951–A(5)(N); *Carter v. Carter*, 2006 ME 68, ¶ 20, 900 A.2d 200, 204–05.

[¶ 7] Monika argues that the court's award of spousal support is insufficient to meet her needs and leaves Thomas with an income twice her own. However, because the court properly found that Monika's testimony was "inexact" regarding her monthly expenses, and the record demonstrates that Thomas has been unable to meet his own financial obligations while complying with the interim support order, the court did not abuse its discretion in fashioning this award. Additionally, because there is no statutory mandate to equalize the parties' incomes by ordering spousal support, there is no error of law in the court's award. The spousal support order is within the bounds of the court's discretion to devise an award that permits "both spouses [to] maintain a reasonable standard of living after the divorce." 19–A M.R.S. § 951–A(2)(A).

[¶ 8] Furthermore, contrary to Monika's contention that the court may not consider whether she shares expenses with another person in determining the amount of spousal support to award, such consideration is within the court's discretion pursuant to the catchall factor found in 19–A M.R.S. § 951–A(5)(Q) ("Any other factors the court considers appropriate."). In addition, because she did not file a motion for further findings and conclusions of law, we will not infer that the court considered this fact for the purpose of spousal support merely because the court noted in its judgment that Monika "shares expenses with a significant other and has use of his vehicle."

**B. Division of Marital Property**

[¶ 9] We review the trial court's distribution of marital property and debts for an abuse of discretion. *Carter*, 2006 ME 68, ¶ 14, 900 A.2d at 203. When considering the division of marital property, the trial court should value the property "as of the time [it is] distributed without reference to possible future events." *Crooker v. Crooker*, 432 A.2d 1293, 1297 (Me.1981). Once the trial court has determined the value of all marital property, it should divide the property in light of "[t]he contribution of each spouse to the acquisition of the marital property," the value of property awarded to each spouse, and the "economic circumstances of each spouse" at the time of divorce. 19–A M.R.S. § 953(1)(A)-(C) (2008). "The division need not be equal, but it must be fair and just considering all of the parties' circumstances." *Carter*, 2006 ME 68, ¶ 14, 900 A.2d at 203–04.

[¶ 10] Monika argues that the court erred in not considering the tax implications of selling the marital property awarded to each party and abused its discretion in dividing the marital property inequitably. However, because Monika never expressed her intention to sell any of the property, and the court did not order the sale of any marital property, the court did not err when it did not address

(1) Actual or potential income from marital or nonmarital property awarded or set apart to each party as part of the court's distributive order pursuant to section 953; and

(2) Child support for the support of a minor child or children of the marriage pursuant to chapter 63.

Q. Any other factors the court considers appropriate.

19–A M.R.S. § 951–A(5)(A)–(Q) (2008).

such tax implications. *See Crooker*, 432 A.2d at 1297. Additionally, there was no abuse of discretion in the court's division of the marital property, which included an award of the marital residence and vehicles to Thomas, because Thomas acquired the marital residence before the marriage, Monika stated that she was not interested in receiving the residence or the vehicles, and the court's marital asset allocation was nearly equal. Even though Monika's earning potential is lower than Thomas's, the division of marital property is not so unfair or unjust as to constitute an abuse of discretion.

## C. Attorney Fees

[¶ 11] We review the decision to grant attorney fees "for a sustainable exercise of discretion." *Urquhart v. Urquhart*, 2004 ME 103, ¶ 6, 854 A.2d 193, 195. "Divorce courts may order a party to pay another party's attorney fees based on the parties' relative financial ability to pay the costs of litigation as long as the award is ultimately fair under the totality of the circumstances." *Id.*

[¶ 12] Monika argues that the court abused its discretion in denying her request for Thomas to pay her attorney fees because, she alleges, Thomas has the greater capacity to absorb the costs of litigation. Although Thomas does earn more than Monika, he incurred even more attorney fees than Monika's own substantial fees of about $18,000, and in light of his other financial responsibilities, including home equity loan payments, car payments, and spousal support, the court did not abuse its discretion when it required each party to be responsible for his and her own attorney fees. Under the totality of the circumstances, the court's decision was ultimately fair.

The entry is:

Judgment affirmed.