2010 ME 96

**Thomas C. REGA**

v.

**L.S.R.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 16, 2010.

Decided: Oct. 12, 2010.

See also 863 A.2d 917.

---

Thomas C. Rega, Warren, ME, pro se.

Michael Ayotte, Esq., Saco, ME, for L.S.R.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

PER CURIAM.

[¶ 1] Thomas C. Rega appeals from the judgment of the District Court (West Bath, *J.D. Kennedy, J.*) granting the parties' divorce, awarding him transitional spousal support, and allocating both the marital property and the marital debts to his former wife, L.S.R. The parties have been separated and Rega has been incarcerated since July 2002, as a result of convictions for gross sexual assault, kidnapping, and other crimes he committed against L.S.R., as described in *State v. Rega*, 2005 ME 5, 863 A.2d 917. On appeal, Rega contends that the court erred in: (1) declining to order that the parties meet in a pretrial mediation session; (2) believing his wife's testimony and evidence regarding the values of the marital assets and of her nonmarital assets;[1] (3) awarding L.S.R. all of the marital assets and all

of the marital debts; and (4) awarding him only a limited amount of transitional spousal support to be paid upon his release from the Maine State Prison.

[¶ 2] After review of the record, we determine that the trial court acted within its discretion in declining to order a mediation proceeding, pursuant to M.R. Civ. P. 92(b). Mediation may be declined in a case with a history of domestic violence.

[¶ 3] The trial court is free to determine the weight and credibility to be accorded to testimony and other evidence, and nothing in this record indicates that the trial court should not have accepted the testimony and evidence regarding property values and debts presented by L.S.R. *See Nadeau v. Nadeau*, 2008 ME 147, ¶ 42, 957 A.2d 108, 120. With the court having properly determined for itself the credibility of the witnesses and evidence, Rega has failed to demonstrate that the court abused its discretion in awarding him an amount of transitional spousal support but no general spousal support, and in allocating marital property and debt which, in total, appears to have allocated to L.S.R. property and debt with little difference in overall net value. *See Brown v. Habrle*, 2008 ME 17, ¶ 13, 940 A.2d 1091, 1095; *Carter v. Carter*, 2006 ME 68, ¶ 19, 900 A.2d 200, 204.

[¶ 4] Considering the facts that Rega's criminal conduct has rendered him incapable of supporting his child; that he has caused nearly $20,000 in counseling and medical costs to his former wife and daughter; and that he filed forty or more motions in the course of the divorce proceeding, thus unnecessarily increasing the

---

1. Rega's assertion that L.S.R. should share with him any inheritance that she receives is without merit, since an inheritance is non-marital property. 19–A M.R.S. § 953(2)(A) (2009).

costs to L.S.R. in completing the divorce from her assaulter, the court's requirement that L.S.R. pay $2000 to Rega to allow him to obtain housing when he finally leaves prison was neither unjust nor an abuse of discretion. *See Payne v. Payne,* 2008 ME 35, ¶ 6, 942 A.2d 713, 715.

The entry is:

Judgment affirmed.