2011 ME 54

**Sheridan T. BOND**

v.

**Lynne B. BOND.**

Supreme Judicial Court of Maine.

Argued: Jan. 12, 2011.
Decided: May 5, 2011.

Gregory J. Farris, Esq., Thomas J. Carey, Esq. (orally), Farris Law, P.A., Gardiner, ME, for Lynne Bond.

William M. Avantaggio, Esq. (orally), Damariscotta, ME, for Sheridan Bond.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1] Lynne B. Bond appeals from a judgment entered in the District Court (Wiscasset, *Tucker, J.*) denying in part and granting in part her motion for additional

findings of fact and conclusions of law and to amend the court's divorce judgment. *See* M.R. Civ. P. 52, 59(e). She challenges the divorce judgment as amended, arguing that the court erred or abused its discretion in characterizing Sheridan T. Bond's business as property that was almost entirely nonmarital and of negligible value, in awarding Lynne only one-third of the equity in the parties' marital home, in making Lynne responsible for a greater portion of the parties' credit card debt, and in its overall disposition of the marital property and allocation of marital debts. She also contends that the court should have awarded her spousal support and attorney fees. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Sheridan and Lynne were married on October 25, 1997. After more than ten years of marriage, Sheridan filed for divorce on July 11, 2008. Before the parties proceeded to trial on December 18, 2009, they agreed to the division of much of their marital and nonmarital personal property. The parties did not supply the court with information regarding the individual or aggregate values of any of the property that was divided by their agreement.

[¶ 3] At trial, the parties offered documentary evidence and their own testimony. A significant part of the dispute centered on the value of the marital component of Bond Brothers Hardware, Inc., a family business that Sheridan's mother transferred entirely to Sheridan during the marriage. Although the parties disagreed about how the court should value the business at the time of the divorce, neither party presented an expert to testify about the value of the business at the time of the original transfer to Sheridan or its value at the time of the divorce.

[¶ 4] The parties also asked the court to consider who should receive the parties' home, which was entirely marital property; who should be responsible for marital credit card debt; whether Lynne should receive spousal support; and whether Sheridan should pay Lynne's attorney fees.

[¶ 5] The court made specific findings regarding the length of the marriage, the parties' ages, and the parties' incomes. It determined that the approximate equity in the marital home was $108,500, and it set aside one-third of that amount to Lynne but awarded the home to Sheridan. The court also accepted the parties' agreements with regard to nonmarital and marital personal property and, among other things, set apart to Sheridan an account containing approximately $12,000 of nonmarital inheritance.

[¶ 6] The court noted that the marriage continued "barely over 10 years" and concluded that "the difference in income potential between the two parties is not significant enough to affect their reasonable standard of living." Accordingly, the court concluded that neither party should pay spousal support to the other. The court also allocated the credit card debt and declined to order either party to pay the other's attorney fees.

[¶ 7] With regard to the dispute related to the value and distribution of Bond Brothers Hardware, Inc., the court found, "The business is almost completely a nonmarital asset, as a gift to Sheridan from his widowed mother." On Lynne's motion for findings, the court found that there was "some marital component to the business" but that there was "little equity in the business." Ultimately, the court determined that the business had value in generating salaries for its employees but found, "Any marital component of the business equity is negligible, and is awarded to [Sheridan]."

[¶ 8]   Lynne appealed the divorce judgment, as augmented by the additional findings, arguing that the court erred in several of its factual findings and abused its discretion.

[¶ 9]   A review of the record demonstrates that the court's factual determinations are fully supported in the record, and we do not disturb those findings. We further conclude that the court did not abuse its discretion in its allocation of the credit card debt, or in its decision not to award spousal support or attorney fees to either party. We address here only the court's factual findings and exercise of discretion in its disposition of the Bond Brothers business, its allocation of the equity in the marital home, and its overall distribution of the marital property.

## II.  DISCUSSION

### A.  Bond Brothers, Inc.

[¶ 10]   Lynne asked the court to determine the value of Bond Brothers, to find that a significant part of Bond Brothers was marital property, and to award her a substantial part of the marital value. *See* 19–A M.R.S. § 953(1)-(3) (2010). We review the court's factual findings, including determinations about an asset's value or its classification as marital or nonmarital property, for clear error. *See Wandishin v. Wandishin*, 2009 ME 73, ¶ 12, 976 A.2d 949, 953; *Hedges v. Pitcher*, 2008 ME 55, ¶ 20, 942 A.2d 1217, 1223. We review the court's distribution of the property for an abuse of discretion. *See Carter v. Carter*, 2006 ME 68, ¶ 14, 900 A.2d 200, 203.

[¶ 11]   At trial in this matter, the parties presented the court with little information from which to determine the value of the business or any marital or nonmarital component. Perhaps because the parties lacked substantial resources, they did not offer a business appraisal or provide any estimate of anticipated future corporate earnings or profits. Instead, the court had before it the approximate value of the real estate upon which the business operated; information about the current amount of the corporate debt; the tax returns of the business over the last several years, which included the value of the inventory; and a recent history of a reduction in the business's work force.

[¶ 12]   With the limited information available to it, the court did not err in finding that there was "little value or equity in the business due to the loss of real estate value and high debts owed by the business." Nor did the court err in finding that the existence of inventory did not change that calculation. On a pure liquidation basis, it is possible that the sale of the real estate and the inventory at the very best market rates could have led to a small net gain beyond debt. However, the market downturn and nature of the inventory support the court's conclusion that there was little equity.

[¶ 13]   Moreover, regarding any claim of an increase in value of the marital component, the corporate tax returns reflected that the value of the business's inventory had not changed substantially between the end of the year during which Sheridan became the owner of the company and the end of the year preceding the divorce trial.

[¶ 14]   In sum, although we recognize the difficulty of presenting a thorough business valuation when the parties have few discretionary assets, a court acts well within its authority in reaching findings and dividing the property as best it can when presented with limited information about a business's value. We discern no error in the court's determinations that Bond Brothers was primarily nonmarital property and that any marital component was of negligible value. Based on these findings, the court acted within its discre-

tion in awarding the business to Sheridan in its entirety.

B. Marital Real Estate

■ [¶ 15] Lynne also challenges the factual finding that her contributions to the marital home were of less value than Sheridan's. When we review a divorce court's property disposition, we review any factual findings for clear error. *See Brown v. Brown,* 2007 ME 89, ¶ 16, 929 A.2d 476, 481. Clear error exists when a finding is unsupported by any competent evidence in the record. *Hedges,* 2008 ME 55, ¶ 20, 942 A.2d at 1223. The court's determination of the equitable distribution of the property is reviewed for an abuse of discretion. *See Carter,* 2006 ME 68, ¶ 14, 900 A.2d at 203.

[¶ 16] In awarding Lynne one-third of the value of the parties' equity in the house, the court took into account Sheridan's initial purchase of the property years before the parties' marriage, his contribution of other nonmarital funds to improve the house during the marriage, Lynne's contribution of labor to improve the house, and the lack of evidence demonstrating Lynne's investment of nonmarital funds in the home. Because there is evidence in the record to support the court's findings regarding the parties' relative contributions to the real property, we do not disturb these findings on appeal.

[¶ 17] In exercising its discretion, the court was permitted to consider the parties' contributions to this property. *See* 19–A M.R.S. § 953(1)(A). The court weighed the evidence of those contributions, along with the other evidence presented at trial, to determine the equitable division of the property, and we discern no abuse of discretion in that determination.

C. Overall Disposition of Property

■ [¶ 18] Having concluded that the court did not err in its factual determi-nations or abuse its discretion in setting aside the business and the marital home to Sheridan and allocating to Lynne a share of the equity in the home, we turn to Lynne's argument that the court's overall distribution of the marital property was inequitable.

[¶ 19] We have consistently encouraged courts to include tables in their judgments demonstrating the overall distribution of property to the divorcing parties. *See Carter,* 2006 ME 68, ¶ 8 & n. 4, 900 A.2d at 202–03. The court did not include a table in its judgment indicating the net value of the major items of property that it valued and distributed to each party. Such a table is valuable to the parties and facilitates appellate review because it demonstrates that the court considered the overall allocation of property and debts, and understands the ultimate effect of the divorce judgment. Here, we can discern the net value of the major items of property allocated to each spouse by extracting values from various portions of the divorce judgment.

[¶ 20] Separate from those items of property that were valued and divided by the court, the parties did not establish the value of the marital and nonmarital property set apart to each spouse by agreement. On this record, we can determine only that, apart from the personal property that the parties agreed to divide, the judgment resulted in Lynne receiving marital property with a net value of approximately $22,000 and Sheridan receiving marital property with a net value of approximately $72,000. These figures arise from determinations that Lynne should have one-third of the equity in the home and that she should bear a greater responsibility for the parties' credit card debt. On this record, the court did not abuse its discretion in its overall disposition of the parties' marital property.

The entry is:

Judgment affirmed.