STATE OF MAINE                                    SUPERIOR COURT
YORK, ss.                                         Civil Action
                                                  DOCKET NO. CV-17-0116

MARK HERPST                          )
                                     )
            Plaintiff,               )
                                     )        **ORDER ON DEFENDANT'S**
     v.                              )        **MOTION TO DISMISS**
                                     )
LISA NORTON                          )
                                     )
            Defendant.               )

## I.  BACKGROUND

This case arises out of an automobile collision that took place on July 17, 2015 in Berwick, Maine. (Compl. ¶ 3.) According to the Complaint, Defendant Lisa Norton's vehicle struck plaintiff Mark Herpst's vehicle, which was parked on the opposite side of the street. (Compl. ¶¶ 3, 9, 13.) Plaintiff alleges that defendant was under the influence of drugs while operating her vehicle. (Compl. ¶¶ 3, 4.) As a result of this impairment, defendant was repeatedly crossing the center line into the opposing lane. (Compl. ¶ 6.) Plaintiff alleges that defendant continued to drive on a public road despite knowing of her impairment and being unable to drive safely. (Compl. ¶ 7.) Although plaintiff saw defendant coming in his lane of traffic and pulled of the roadway in an attempt to avoid being hit by defendant's vehicle, plaintiff alleges that defendant again crossed the center line and drove her vehicle into plaintiff's truck on the shoulder of the opposite lane. (Compl. ¶¶ 8, 9.)

Plaintiff filed the instant complaint on May 1, 2017, alleging that defendant failed to exercise reasonable care in the operation of her vehicle. (Compl. ¶¶ 10, 11.) Plaintiff further asserts that defendant's conduct was sufficient to imply malice toward the plaintiff and other travelers on the road, entitling him to punitive damages. (Compl. ¶ 12.) On May 30, 2017, defendant moved to

1

dismiss plaintiff's claim for punitive damages, asserting that the Complaint failed to set forth sufficient facts to support such a claim. (Def.'s Mot. Dismiss 1.)

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss, courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## III.  DISCUSSION

### a.  Punitive Damages

Defendant's motion to dismiss only addresses plaintiff's claim for punitive damages. Specifically, defendant argues that plaintiff's complaint does not set forth sufficient facts to support malice, and therefore must be dismissed.

Punitive damages are only available based upon tortious conduct if the defendant acted with malice. *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985). Malice can be proven with evidence either that a party acted with ill will toward the plaintiff or that the conduct was so outrageous that malice can be implied. *Morgan v. Kooistra*, 2008 ME 26, ¶ 29, 941 A.2d 447. However, a "mere reckless disregard of the circumstances" is insufficient to support an award of punitive damages. *Tuttle,* 494 A.2d at 1361.

In her motion, defendant relies only on cases applying the summary judgment standard of review to punitive damages claims. *See Clark v. Henderson,* No. SAGSC-CV-08-061, 2009 Me.

2

Super. LEXIS 119 (August 24, 2009). However, on a motion to dismiss, defendant's burden is much higher.

Punitive damages have been awarded in other impaired driving cases in Maine. For example, in *Filanowski v. Leonard*, No. CV-02-183, 2003 Me. Super. LEXIS 165 (July 10, 2003), the Superior Court (Penobscot County, *Hjelm, J.*) found punitive damages appropriate for a driver who was convicted of an OUI after an accident. *Id.* at *4. Specifically, Justice Hjelm noted that prior to the accident, passengers in the defendant's vehicle had told him to slow down and that the defendant had a history of "recklessness on the roads." *Id.* at *4-5. Thus, there was clear and convincing evidence of malice, or "that his conduct foreseeably would almost certainly result in harm to the plaintiff." *Id.* at *5.

In this case, plaintiff has alleged that implied malice exists because defendant was operating her car under the influence of drugs while knowing that she was driving unsafely, posing significant danger to others on the road. From these allegations, it is not "beyond doubt" that plaintiff is not entitled to relief under any set of facts that may be proven. Consequently, plaintiff has sufficiently pleaded a claim for punitive damages. The issue more be more fully developed after discovery on a motion for summary judgment, however, based on the pleadings, dismissal is inappropriate. Defendant's motion to dismiss is hereby denied.

## IV. CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is denied

The clerk shall make the following entry on the docket:

Defendant's motion to dismiss is hereby DENIED.

SO ORDERED.

DATE: JANUARY 25, 2018

_____
John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 1/26/18

4