MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:        2025 ME 72
Docket:          Was-24-528
Submitted
  On Briefs:     May 21, 2025
Decided:         August 7, 2025

Panel:           MEAD, HORTON, CONNORS, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

AMANDA M. (NEWMAN-RISER) NEWMAN

v.

GRAEME T. RISER

LAWRENCE, J.

[¶1]  Graeme T. Riser appeals from a divorce judgment issued by the District Court (Calais, *David Mitchell, J.*).  Riser argues that the court erred in its valuation of the marital home and abused its discretion in its division of marital property, its order of spousal support to Amanda M. Newman (formerly Newman-Riser), and its order for Riser to pay Newman's attorney fees. Because a clerical error in the court's table summarizing the distribution of the equity in the marital home may have affected its orders of spousal support and payment of attorney fees, we vacate the court's judgment and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

[¶2]  Riser and Newman were married in December 2009 and have three minor children together.  Riser and Newman lived in several places before settling in Atlanta, Georgia, where they lived for six and a half years.

[¶3]  Riser and Newman contributed equally to the marriage and the family.  Newman was the homemaker and cared for the children, while Riser financially supported the family through a job where he made, and continues to make, a substantial, stable income.

[¶4]  In 2022, the marriage deteriorated, and the parties separated. Newman returned to her hometown in Maine with the children and a small amount of personal property.  Riser still occupies the marital home in Atlanta, which is valued at $515,078 and is encumbered by a mortgage carrying a balance of $363,515.  Riser has been paying the mortgage since the separation, and there is considerable equity in the home.  Since the separation, Riser has seen the children several times, both in Maine and in Georgia.

[¶5] Newman filed a complaint for divorce in August 2023.  Riser filed an answer and counterclaim in September 2023.  The court held a two-day contested hearing in August 2024.  At the hearing, the court heard testimony

from Newman, Riser, and one of the children, and admitted in evidence thirteen exhibits including, inter alia, financial statements and child support affidavits.

[¶6]  The court entered a divorce judgment on September 24, 2024.  In its judgment, the court ordered the parties to share parental rights and responsibilities and allocated primary physical residence of the children to Newman.  The court divided the parties' property, awarding possession of the marital home in Atlanta to Riser and awarding a one-half share of the equity in the home to Newman.  The court allocated the marital debt between the parties and ordered Riser to pay Newman $1,500 per month in spousal support and $350 per week in child support.  The court also ordered Riser to pay Newman's attorney fees in the amount of $4,900.[1]

[¶7]  On October 8, 2024, Riser filed a motion for findings pursuant to M.R. Civ. P. 52(a),[2] a motion for amended findings of fact pursuant to M.R. Civ. P. 52(b), and a motion to alter or amend the judgment pursuant to M.R. Civ. P. 59(e).  Riser requested findings as to how the court considered the statutory factors to determine spousal support.  Riser specifically requested findings as

---

[1]  Pursuant to an interim order in this divorce action, Riser was already obligated to pay $3,000 of Newman's attorney fees.  Thus, following the divorce judgment, Riser was obligated to pay a total of $7,900 of Newman's attorney fees.

[2]  Riser's Rule 52(a) motion was not timely because it was not filed within seven days after entry of the divorce judgment.  *See* M.R. Civ. P. 52(a).

4

to Newman's earning capacity and the reasonableness of his paying Newman's attorney fees.

[¶8] The court issued an order on the two timely motions—under Rule 52(b) and Rule 59(e)—on October 31, 2024. In its order, the court reiterated that Newman's current circumstances support imputing to her a minimum-wage income. The court also found the award of attorney fees to be reasonable. The court further explained that it determined the amount of spousal support based on the parties' equal contributions to the marriage; Riser's established job, income, and earning capacity; Newman's limited earning capacity; and the parties' ages and lack of retirement funds.

[¶9] Riser timely appealed. *See* M.R. App. P. 2B(c)(2).

## II. DISCUSSION

[¶10] "We review a divorce court's determination of the value of marital property for clear error," *Burrow v. Burrow*, 2014 ME 111, ¶ 20, 100 A.3d 1104, and "review the divorce court's division of marital property and debts for an abuse of discretion," *Carter v. Carter*, 2006 ME 68, ¶ 14, 900 A.2d 200.

[¶11] Title 19-A M.R.S. § 953(1) (2025), which governs the disposition of property in a divorce case, provides that

the court shall . . . divide the marital property in proportions the court considers just after considering all relevant factors, including:

> **A.** The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;
>
> **B.** The value of the property set apart to each spouse;
>
> **C.** The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live in the home for reasonable periods to the spouse having custody of the children; and
>
> **D.** Economic abuse by a spouse.

The division of property "need not be equal, but it must be fair and just considering all of the parties' circumstances." *Carter*, 2006 ME 68, ¶ 14, 900 A.2d 200.

[¶12] Riser argues that the court clearly erred or abused its discretion in its division of property because it (1) counted the equity of the marital home twice and (2) did not factor in additional expenses that Riser had previously paid on the real estate or that he will incur if he sells the home.[3]

---

[3] Riser also argues that the court abused its discretion because it failed to factor in financial assistance that Newman receives from third parties. The court stated that it did not find testimony about such financial assistance to be credible, and we defer to the trial court's credibility determinations, *see Sulikowski v. Sulikowski*, 2019 ME 143, ¶ 10, 216 A.3d 893.

[¶13]  The court found, based on competent record evidence, that the marital home is valued at $515,078 and is encumbered by a mortgage with a balance of $363,515.  The court also found, based on competent record evidence, that both parties contributed equally to the marriage; that Riser has been paying the mortgage since the separation; and that Riser has a far superior income and earning capacity compared to Newman, and is thus "in a better position to bear the brunt of the [parties'] debt."

[¶14]  Given these findings, the court did not abuse its discretion by awarding the marital home to Riser without adjusting for expenses he previously paid on the home or expenses associated with a potential sale in the future.  The court assessed the value of the home based on competent record evidence and acknowledged that Riser would be taking on more debt because his superior income allowed for it and because Riser would be awarded the marital home and almost all of the items inside it.  Such a division is "fair and just considering all of the parties' circumstances."  *Carter*, 2006 ME 68, ¶ 14, 900 A.2d 200.  Accordingly, the court did not abuse its discretion.

[¶15]   However, in the court's table summarizing the property distribution, the court listed both the equity and mortgage debt on the marital home, *and* the full value of the marital home, under Riser's distribution.  In

effect, the court counted the equity in the marital home twice, which in turn inflated the value of the real estate distribution to Riser. This mistake is "obvious from the face of the judgment" and therefore constitutes a clerical error pursuant to M.R. Civ. P. 60(a).[4] *Bridges v. Caouette*, 2020 ME 50, ¶ 12, 230 A.3d 1. On remand, the court should accordingly fix the calculation of the equity in the marital home.

[¶16] Moreover, the clerical error may have had implications that affected the court's analysis of Riser's ability to pay spousal support[5] or to pay Newman's attorney fees[6]—both of which Riser challenges on appeal. *See McKenna v. Pray*, 2024 ME 58, ¶¶ 9-11, 320 A.3d 415 (vacating a property division due to the double counting of the value of certain property and remanding the matter to the trial court to reconsider its calculations and the

---

[4] In his Rule 52(b) motion to the trial court, Riser pointed to general issues in the court's property distribution but did not identify the double-counting error specifically. Riser's failure to raise the issue to the trial court, however, does not affect our ability to direct the trial court to correct a clerical error on appeal. *See Williams v. Williams*, 645 A.2d 1118, 1122 (Me. 1994) (holding that appellant's failure to file a Rule 60(a) motion to correct a clerical mistake or an error due to oversight with the trial court does not prevent the appellant from raising the issue of the mistake or error on appeal).

[5] Title 19-A M.R.S. § 951-A(5) (2025) sets forth factors for the court to consider when determining an award of spousal support. These factors expressly include "the ability of each party to pay." *Id.* § 951-A(5)(B).

[6] Pursuant to 19-A M.R.S. § 105(1) (2025), the court may order a party to pay another party's reasonable attorney fees in a divorce action. The decision to award attorney fees "necessarily requires consideration of the parties' relative capacity to absorb the costs of litigation in addition to all other relevant factors that serve to create a fair and just award under the totality of the circumstances." *Riemann v. Toland*, 2022 ME 13, ¶ 42, 269 A.3d 229.

8

effect of that reconsideration on the divorce judgment).  In other words, the mistaken calculation affects the overarching picture of the parties' financial situation.  *See Beattie v. Beattie*, 650 A.2d 950, 952 (Me. 1994) (explaining that, although an award of spousal support "may be supportable independently," its validity depends on "the cumulative effect" of the divorce judgment); *Sears v. Sears*, 2023 ME 45, ¶ 25, 299 A.3d 15 ("The court should have a clear financial picture when determining the relative ability of the parties to absorb the costs of litigation.").  Because of the confusion posed by the court's clerical error, we vacate the court's judgment and remand for the court to correct the property distribution calculations and determine whether the award of spousal support and attorney fees[7] must be reassessed based on this change.[8]  *See Williams v. Williams*, 645 A.2d 1118, 1124 (Me. 1994).

---

[7] After Riser filed this appeal, Newman filed a motion with this Court requesting attorney fees and costs associated with this appeal.  We deny the motion to the extent that it requests sanctions under M.R. App. P. 13(f).  However, this decision does not prevent Newman from presenting evidence to the trial court of the attorney fees and costs she sustained on appeal so that the court may determine if such an award is appropriate and, if so, the amount of such award.  *See Fortney & Weygandt, Inc. v. Lewiston DMEP IX, LLC*, 2022 ME 5, ¶ 34, 267 A.3d 1094.

[8] Riser raised an additional argument on appeal—that the court abused its discretion by not granting express rights for Riser to see the children on Christmas.  Because the court's findings about Riser's negative relationship with the children and Riser's concerning behavior during visits are supported by competent evidence in the record, we conclude that the court did not abuse its discretion in determining what visitation rights were in the best interests of the children.  *See Young v. Young*, 2015 ME 89, ¶ 5, 120 A.3d 106.

The entry is:

> Judgment vacated with respect to the calculations related to the marital property distribution. Remanded for further proceedings consistent with this opinion as to the award of spousal support and attorney fees. Judgment affirmed in all other respects.

---

Eugene M. Sullivan, Jr.,Esq., Law Offices of Baldacci, Sullivan & Baldacci, Bangor, for appellant Graeme T. Riser

Jeffrey W. Davidson, Esq., Davidson Law Office, LLC, Machias, for appellee Amanda (Newman-Riser) Newman

Calais District Court docket number FM-2023-30
FOR CLERK REFERENCE ONLY